The State of Iowa v. Crogan.

---

8  523
103  111

8  523
.109  112

### The State of Iowa *v.* Crogan.

Under section 2721 of the Code, which prohibits the keeping of gambling houses, the offense is as complete, if the house is kept for that purpose for one day, as if kept for a year.

To show that the place charged is kept as a gambling house, within the meaning of section 2721 of the Code, it may be shown that it was thus used continuously, but it is not necessary to charge such use in the indictment.

In an indictment for keeping a gambling house, it is not necessary to state the location of the house kept, further than to show the proper venue; but where the indictment alleges that the building is situate on a particular lot, the proof must sustain the allegation.

Where the place is stated in an indictment, as a matter of local description, and not as venue, it is necessary to prove it as laid.

### *Appeal from the Linn District Court.*

Saturday, June 11.

The indictment charges that the defendant did, on, &c., at, &c., keep a grocery building, situated on lot, (describing the lot), resorted to by divers persons, for the purpose of gambling, contrary, &c. To this indictment there was a demurrer, upon the ground that it did not show a continued keeping for the purpose alleged. This was overruled, and on the trial, the defendant asked the court to instruct the jury,

that the situation of the premises must be proved as laid, and if not thus proved, they must acquit. The instruction was refused, and defendant convicted, from which he appeals.

*D. M. McIntosh*, for the appellant.

*S. A. Rice*, (Att'y General), for the state.

WRIGHT, C. J.—The language of the statute is, that " if any person keep a house, chop, or place, resorted to for the purpose of gambling," he shall be punished, &c. The offense is as complete if the house is kept for one day, as if kept for a year. The prosecution is not for causing or continuing a public or common nuisance, nor is the proceeding against the house as such, as contemplated by chapter 150 of the Code. To show that the place kept is a gambling house, within the meaning of the statute, (sec. 2721), it may be shown that it was thus used continuously, but it is not necessary to charge such use.

In some instances, where the place is stated in the indictment as a matter of local description, and not as venue, it is necessary to prove it as laid, although it need not have been stated, and the case before us is one of this class. Roscoe's Cr. Ev., 110–11; Warton's Cr. Law, 280; *People* v. *Slater*, 5 Hill, 401; *same* v. *Honeyman*, 3 Denio, 121; *Shaw* v. *Wrigley*, 2 East., 500; 2 Stark. Ev., 1571; 2 Russ. 100–1. Thus, it is said, that in an indictment for stealing in the dwelling house, &c., for burglary, or the like, if there be the slightest variance between the indictment and the evidence, in the name of the parish or place where the house is situated, or in any other description given of it, the defendant must be acquitted. And in an indictment for a nuisance for erecting a wier, if it be described as being at H., and be found to be at the lower part of the same water at T., the error is material. 2 East., *supra*.

In this case, it was not necessary for the pleader to have

stated the location of the house kept, further than to show the proper venue.    Having alleged, as a matter of local description, that it was upon a particular lot, the proof should have sustained the allegation.    The instruction should have been given.

Judgment reversed.