THE STATE v. SHAW.

1. Criminal law: SUFFICIENCY OF INDICTMENT. An indictment describing an offense in the language of the statute, though the offense be not designated by name, is sufficient.

2. —— So, if the offense charged has no name given to it by the statute, the giving it a name in the indictment, which is repugnant to the facts alleged as constituting the offense, will be regarded as surplusage.

3. —— VENUE. An indictment against a defendant, under section 4352 of the Revision, for keeping a house of prostitution, is sufficient as to venue if it charges the offense as committed within the county.

*Appeal from Woodbury District Court.*

TUESDAY, JANUARY 22.

FOR a statement of the case see opinion.

MILLER, J.— At the August term, 1871, of the district court the grand jury presented against the defendant the following indictment:

"DISTRICT COURT OF WOODBURY COUNTY.

| The State of Iowa *agst.* Madam Shaw. | } |
| --- | --- |

"The grand jury of the county of Woodbury, in the name and by the authority of the State of Iowa, accuse Madam Shaw of the crime of keeping a nuisance, committed as follows:

"The said Madam Shaw, on or about the first day of June, in the year of our Lord one thousand eight hundred and seventy-one, in the county aforesaid, and at divers other times, did unlawfully and willfully keep a house of ill-fame, resorted to by divers persons, whose names are to the grand jurors unknown, for the purpose of prostitution and lewdness, against the peace and dignity of the State of Iowa.

"C. H. LEWIS,
"*District Attorney, etc.*"

To this indictment the defendant demurred for the following reasons:

1. It is uncertain whether defendant is indicted under section 4352 or section 4411 of the Revision of 1860.

2. The locality and description of the house mentioned in the indictment is not set out with sufficient certainty, nor is the house described at all except that it is in Woodbury county.

The demurrer being sustained by the court, the State appeals, and assigns this ruling as error.

I. Section 4352 of the Revision provides that "if any person keep a house of ill-fame *resorted to for the purpose of prostitution or lewdness*, he shall be punished by imprisonment in the county jail not more than one year,

or by fine not exceeding five hundred dollars." It will be seen that, in stating the facts constituting the of fense, the indictment charges them in the very language of the statute. This section of the statute defines the crime against which the punishment is therein denounced. The indictment defines the offense in precisely the same language. The language is materially different from that used in section 4411. There is, therefore, no uncertainty as to the offense charged or under which of these sections the indictment was drawn.

The statute requires that an indictment must contain " a statement of the facts constituting the offense, in or dinary and concise language, without repetition, and in such a manner as to enable a person of common under standing to know what is intended." Rev., § 4650. When an indictment describes the offense in the same language which is used in the statute defining it, the description is sufficient. *State* v. *Hessenkamp*, 17 Iowa, 25 ; and see *State* v. *Conlee*, 25 id. 237. The statute does not make it indispensable that the offense should be named in the indictment. *State* v. *Baldy*, 17 id. 39. It is the statement of facts constituting the offense that must be set out. Charging a person with the commission of a crime *by name* will not constitute a good indictment for the crime *named* unless the *facts* charged show the offense to be such as the indictment names it. *State* v. *McCormick*, 27 Iowa, 402, and cases cited on p. 413.

The offense charged in the indictment has no name given to it by the statute, hence to name it a nuisance is mere surplusage and should be disregarded. Rev., § 4660. The crime defined in section 4411 is by the statute desig nated a nuisance, but the indictment does not describe the offense created in that section, and even if it be admitted that the first part of the indictment which names the offense as a nuisance be repugnant to the statement of facts constituting the offense charged, still, under our stat-

utes, this would not render the indictment insufficient. Section 4660 of the Revision provides that "no indictment is insufficient, nor can the trial, judgment or other proceedings thereon be affected for any of the following matters, which were formerly deemed defects or imperfections." * * *

4. "For any *surplusage* or *repugnant* allegation, or for any repetition, when there is sufficient matter alleged to indicate clearly the offense and the person charged."

We have seen that the indictment alleged the facts which indicate most clearly the offense charged. It is clear and certain also as to the person.

II. The indictment being against the defendant as an individual and not against the *house*, it was sufficient to charge the offense as committed within the county. *State* v. *Crogan*, 8 Iowa, 523; *State* v. *Kreig*, 13 id. 462; *State* v. *Schilling*, 14 id. 455; Revision, § 4659; *State* v. *Becker*, 20 id. 438.

Reversed.