## THE STATE v. DONNEKER.

**Instructions:** WHEN WITHOUT PREJUDICE. Where the same propositions, in substance, are embodied in the instructions given as in those refused, and the appellant does not complain of the legal correctness of the former, he will be deemed to have suffered no prejudice thereby.

*Appeal from Des Moines District Court.*

WEDNESDAY, APRIL 21.

THE defendant was indicted for keeping a house of ill-fame resorted to for the purposes of prostitution and lewdness. Upon a trial to a jury he was found guilty, and thereon was adjudged to pay a fine of five hundred dollars and costs. The defendant appeals.

*M. D. & H. O. Browning,* for appellant.

*M. E. Cutts, Attorney-General,* for the State.

COLE, J.—The only errors assigned are upon the giving, and the refusal to give certain instructions. The defendant's counsel asked the court to give the following instructions, which the court refused. " 1. That defendant cannot be made liable as the keeper of the house by evidence of common reputation as to his character. 2. Defendant cannot be convicted upon the common repute as to the character of the house, unless such reputation is established by witnesses residing in the immediate neighborhood and vicinity of the place. 3. He cannot be convicted as the keeper of the house by rumor alone, but it must be shown by competent testimony."

But the court gave, among others, the following instructions: " 4. Whoever had control of the house would be considered the keeper. Now, it is competent for the state to prove the character of a house by general reputation, to prove that it is a house of ill-fame by the common reputation in the neighborhood or community in which it is located, but the keeper of the house cannot be proven in the same way. There must be some testimony that shows to the satisfaction of your

minds that the party charged is the keeper or proprietor of that house."

These are the only instructions contained in the abstract, and none of the evidence is before us. It appears to us that the instructions given embody substantially the same propositions as do those refused. The three ideas contained in each series of instructions are, that the defendant cannot be convicted upon evidence alone as to his character; that the reputation of the house can only be shown by the neighbors; and that rumor or repute was not sufficient to show that the defendant was the keeper of the house. These propositions, as we see them, were presented as forcibly and favorably for the defendant by the instructions given, as by those asked and refused. The defendant was, therefore, not prejudiced. No complaint is made that the propositions asked are not law; and we need not determine them. Since no question is made thereon, we presume that the evidence sufficiently proved that the house was resorted to for the purposes of prostitution and lewdness. See *The State v. Hand*, 7 Iowa, 412; *The State v. Shaw*, 35 Iowa, 575.

AFFIRMED.