## THE STATE v. DAVIS.

1. **Criminal Law:** INDICTMENT. An indictment which correctly describes an offense in the statement of facts, but in the charging part designates it by another name, is nevertheless good, and will sustain a conviction for the offense defined. Following *The State v. Shaw*, 35 Iowa, 575.

2. ——: ——: RULE APPLIED. Where the offense was designated in the indictment as manslaughter, but the statement of facts defined the crime of murder, the defendant was held to have been properly put upon his trial for the latter offense.

3. ——: PRACTICE: CHALLENGE OF JUROR. A challenge to the array is unknown to our statute. After challenges to the individual have been made, a challenge to the panel cannot be entertained.

4. ——: ——: AFFIDAVIT OF JUROR. Affidavits of grand jurors are not admissible to impeach an indictment or assail the correctness of their proceedings.

*Appeal from Pottawattamie District Court.*

THURSDAY, OCTOBER 7.

THE defendant was convicted at the May term, 1874, of the District Court of Pottawattamie county, for the crime of manslaughter, and sentenced to five years' imprisonment in the penitentiary, from which judgment he appeals.

*Sapp & Lyman*, for appellant.

Twelve of the grand jury must concur in the finding of a bill. (1 Chitty, Cr. Law, 322–3; 1 Wharton Cr. Law, § 497.) All unnecessary words may, on trial or arrest of judgment, be rejected as surplusage, if the indictment would be good upon striking them out. (1 Am. Cr. Law, § 622; *People v. Lohman*, 2 Barb., 235; *State v. Wilde*, 7 Black, 582; 2 Russ. on Crimes, 786; *State v. Palmer*, 35 Me., 9; *State v. Bailey*, 11 Foster, 521; *State v. Carrigan*, 24 Conn., 296.) It is only an inconsistency in the material allegations that will vitiate an indictment; and where the defective averments may, without detriment to the indictment, be wholly omitted, they may be considered as surplusage, and disregarded. (*State v. Free-*

*man*, 8 Iowa, 428.) It is the charging part of the indictment which discloses the character of the offense. (*State v. Ansaleme*, 15 Iowa, 44.) The defendant may show by motion in the nature of a plea in abatement, that what purports to be an indictment was not concurred in by twelve of the grand jurors. (*Low's Case*, 4 Me., 380; *Shattuck v. State*, 11 Ind., 473; *State v. Squire*, 2 N. H., 558; 2 Greenl. on Ev., § 22.) It is error, not without prejudice, to put one upon trial for the greater, under an indictment for the lesser offense, though he be convicted of the latter. (*State v. Boyle*, 28 Iowa, 522; *State v. Krouse*, 29 Id., 118.)

*M. E. Cutts, Attorney General*, for the State.

A failure to name the offense in an indictment, or even the designation of it by the wrong name, will not affect its sufficiency. (*State v. Hessenkamp*, 17 Iowa, 25; *State v. Baldy*, 17 Id., 39; *State v. Shaw*, 35 Id., 575.) The affidavits of petit jurors are not admissible to impeach their verdict. (*Wright v. Ill. & Miss. Tel. Co.*, 20 Iowa, 135.) The finding of an indictment by a grand jury is, in principle, like the finding of a verdict by a petit jury. The affidavit of a grand juror will not be received to impeach the finding of his fellows, even for the purpose of showing how many were present, or voted in its favor. (1 Whar. Cr. Law, § 509; *State v. Fasset*, 16 Conn., 457; *State v. Baker*, 20 Mo., 338; *Rex v. Marsh*, 33, E. C. L., 143.) An indictment can only be impeached by a motion to set it aside. (*People v. Hulburt*, 4 Denio, 133.)

MILLER, CH. J.—The indictment upon which the appellant was tried is as follows:

"THE STATE OF IOWA,     District Court of Pottawattamie
       vs.                       County, Iowa.
THOMAS E. DAVIS,         November Term, 1873.

The grand jury of the county of Pottawattamie, in the name and by the authority of the State of Iowa, accuse Thomas E. Davis of the crime of *manslaughter*, committed as follows: For that the said Thomas E. Davis, on the 28th day of Au-

gust, A. D. 1873, in the said county of Pottawattamie, and State of Iowa, willfully, deliberately, premeditatedly, and of his malice aforethought, and with intent to kill and murder one Charles Granville, feloniously did strike, stab, and cut the said Charles Granville across his (the said Charles Granville's) abdomen, with a certain knife which he, the said Thomas E. Davis, then and there had and held in his hand; then and there inflicting a mortal wound, of which said wound, so inflicted, as aforesaid, by the said Thomas E. Davis, the said Charles Granville then and there died.

So that the grand jury aforesaid say that the said Thomas E. Davis, on the 28th day of August, A. D. 1873, at the county of Pottawattamie, in the State of Iowa, in manner and form as aforesaid, did willfully, deliberately, premeditatedly, and of his malice aforethought, feloniously kill and murder the said Charles Granville, contrary to the statutes in such case made and provided, and against the peace and dignity of the State of Iowa. H. K. McJUNKIN,

District Attorney, Thirteenth Judicial District of Iowa."

The appellant, being duly arraigned, pleaded "not guilty." The court ruled this to be an indictment for murder in the first degree, and put the defendant on his trial accordingly, allowing the state to exercise ten peremptory challenges in forming the jury, and instructed the jury that under the indictment the defendant might be found guilty of murder, either in the first or second degree, if the evidence was sufficient, and made other rulings of similar character, all of which were duly excepted to by appellant.

It is conceded by counsel for appellant, that the statement in the indictment, of the facts constituting the offense, does 1. CRIMINAL charge the crime of murder in the first degree; but LAW: indict-ment. that in charging the offense by name of manslaughter, the indictment is for the latter crime, and defendant can be tried only for that offense.

Section 4296 of the Code, which is the same as section 4650 of the Revision of 1860, requires that an indictment must contain "a statement of the facts constituting the offense," etc., but

does not require that the offense intended to be charged shall be named in the indictment. The next section provides that the indictment "*may* be substantially" in the form therein given, in which the defendant is directed to be accused of the crime by name, if it have one. It will thus be seen that under section 4297 of the Code (4651 of the Revision), the indictment *may* be in the form there given, which names the offense intended to be charged, but it does require that it shall be so done.

In the *State v. Hessenkamp*, 17 Iowa, 25, where the indictment stated the facts constituting the offense, but did not name it by any technical name, it was held that the indictment was good for the crime described by the statement of facts therein, although not named.

The same holding is found in the *State v. Baldey*, 17 Iowa, 39. It was there said that "as a matter of form, it may be the better practice to name the offense in the indictment; a failure to do so will not render it vulnerable to a demurrer or other objections." In the *State v. Ansaleme*, 15 Iowa, 44, an indictment which did not correctly charge the name of the offense, but the charging part did correctly define the offense, was held good; and in the *State v. Shaw*, 35 Iowa, 575, where the indictment charged the offense by name as a "nuisance," but the facts alleged as constituting the crime defined another offense, it was held that the indictment was good for the offense defined therein, and that the name "nuisance" given to it was mere surplusage, and under the statute no indictment is to be held insufficient for any *surplusage*, or *repugnant* allegation, * * * where there is sufficient matter alleged to indicate clearly the offense, and the person charged. Code, section 4306, Subd. 4. Following these cases and the statute, we hold that the District Court did not err in rejecting the word "manslaughter" as surplusage, and putting the defendant on trial for the crime legally defined in the indictment, and the various rulings based upon this view of the statute were correct.

II. In the impaneling of the jury one George Gerner, not a member of the regular panel of the jury, was called as a

juror. He was challenged for cause by the defendant, and upon the trial of the challenge, it appeared that the person called had served as a member of the grand jury within the year preceding, and that the county contained a population exceeding five thousand. The challenge was overruled, and this ruling is assigned as error.

It is insisted that, under section 239 of the Code, the fact of the juror having served on a jury in a court of record within the year was a ground of challenge, and that it was so, although such service was upon the grand jury.

It is unnecessary for us to determine this question in this case. It appears by the record that the juror challenged did not sit as one of the jurors on the trial of the case, and that defendant had not exhausted all the peremptory challenges to which he was entitled when the jury was sworn, so that no prejudice could possibly result from the overruling of the challenge to the juror above named.

III. After the state and defendant had exercised peremptory challenges to the jury, and the panel of the jury being 3. ———: full, the defendant challenged the "array" as it is practice:challenge of juror. denominated, which the court overruled. This is assigned as error. There is no such thing known to our statute as a challenge to the "array." There are but two kinds of challenges; they are either to the panel, or to an individual juror. Code, Sec. 4398. If the challenge of the defendant was meant as a challenge to the panel, it came too late. It should have been made or taken, "before any challenge to an individual," and must be in writing, etc. Both parties had made challenges to individual jurors before defendant challenged the panel. There was no error in this ruling.

IV. On the trial defendant's counsel called certain members of the grand jury that found the indictment, and pro-4. ———: posed to prove by them that the grand jury in-: affidavit of juror. tended to and did, in fact, vote only to find an indictment for manslaughter, and refused to find an indictment for murder. The court, on the objection of the state, rejected this evidence, and appellant assigns the ruling as error. There was no error in this ruling. After an indict-

ment has been presented to the court by the grand jury, filed, and become a matter of record, it is not competent for those who found the indictment to testify that they did not vote to find the bill, or to explain how they did vote, or what they intended to find. The judgment of the District Court is ·

