## THE STATE v. McINTIRE.

1. **Indictment:** OMISSION OF TITLE: STATUTE CONSTRUED. It is not a valid objection to an indictment that on the face of it there is no title to the action and that the names of the parties are not set forth in such title as prescribed by the form given in section 4297 of the Code.

2. ————: BURGLARY: ALLEGATION OF OWNERSHIP: STATUTE CONSTRUED. Under Code, section 4203, and subdivision six, section 4305, in an indictment for burglary, it is a sufficient designation of the person injured to allege that the owner of the property is to the jurors unknown, and the charge that the car broken was in the possession, care, control and custody of the C., B. & Q. Railroad Company, is an averment that said company had a special property in the car, and was sufficient to allege the offense as against that company.

3. **Practice in the Supreme Court:** COURT LIMITED BY RECORD. This court cannot consider an objection when the record does not contain the facts necessary for its determination.

*Appeal from Henry District Court.*

TUESDAY, SEPTEMBER 19.

THE defendant was indicted jointly with one Eply upon a charge of feloniously breaking and entering a railroad car

with intent to steal certain property therefrom.    Upon a trial a verdict of guilty was found upon which judgment was entered.    Defendant appeals.

*Culbertson & Jones* and *L. A. Palmer*, for appellant.

*Smith McPherson, Attorney-general*, for the State.

ROTHROCK, J.—I.    The charging part of the indictment is as follows:

"That Geo. Eply and Daniel McIntire, on the 12th day of May, 1880, in the county of Henry, and State of Iowa, aforesaid, unlawfully, feloniously and burglariously, did break and enter a railroad car in the possession, care, control and custody of the Chicago, Burlington & Quincy Railroad Company, a corporation doing business under the laws of Iowa, the owners of said car being to the jurors unknown, in which said railroad car, goods, merchandise and other valuable things were kept for use, sale and deposit, with the felonious intent the said goods, merchandise and other valuable things, then and there, being found feloniously, to take, steal, and carry away, contrary to the form of the statute, etc.

"T. A. BEREMAN, *District Attorney.*"

There was a motion to set aside the indictment, and a demurrer thereto, and a motion for a new trial all of which were overruled.    It is claimed these rulings are erroneous because the indictment is insufficient, there being no title to the action on the face of the indictment as required by the form prescribed by section 4297 of the Code, and for the further reason that the names of the parties are not set forth as required by said form.    In answer to these objections it is sufficient to say that the statute makes no requirement that the form therein given shall be literally followed.    And it is not a valid objection to an indictment that the name of the offense is omitted or wrongly stated.    *State v. Hessenkamp*, 17 Iowa, 25; *Same v. Baldy*, 17 Iowa, 39; *Same v. Shaw*, 35 Iowa, 575; *Same v. Davis*, 41 Iowa, 311.

The objection that the names of the parties are not set forth in the title of the action, is also without merit.. The body of the indictment fully sets forth the names of the parties charged and by what authority charged.

II.   It is further claimed that the indictment is insufficient, because it avers that the car which was feloniously broken and entered was owned by some persons "to the jurors unknown." This is the usual averment where the name of a person injured in person or property is unknown to the grand jury, and there can be no doubt such an averment is sufficient, especially under our statute, which provides that an erroneous allegation as to the name of the person injured is not material.   Code, § 4302, and subdivision six of § 4305.

Besides, the indictment in this case charges that the car in question was in the "possession, care, control and custody of the Chicago, Burlington and Quincy Railroad Company." This is an averment that the railroad company had a special property in the car, and it was sufficient to allege the offense as against that company. *State v. Golden*, 49 Iowa, 48; *Bruley v. Rose*, 57 Iowa, 651.

III.   It was further objected that the grand jury was not drawn, summoned and impaneled according to law, and that defendant had no opportunity to challenge the grand jury. We cannot consider these objections, because the record before us does not contain any of the facts necessary to their determination.

                                        AFFIRMED.