STATE OF IOWA v. C. M. SMITH, Appellant.

**Criminal law:** INDICTMENT: SUFFICIENCY. The caption of an indictment and the wording thereof do not affect its validity, and may be omitted; so that where the charging part of the indictment sufficiently charges the crime as committed by the defendant the caption is immaterial.

**Same:** MALICIOUS MISCHIEF. An indictment which charges an offense with such certainty and in such manner as to enable a person of common understanding to know what is intended is sufficient; and in this case the indictment charging defendant with malicious mischief is held to comply with the rule.

**Evidence:** CORPORATE CAPACITY: SUFFICIENCY. In this prosecution for malicious injury to the property of a corporation the evidence is held sufficient to show corporate capacity.

*Appeal from Cherokee District Court.*—HON. F. R. GAYNOR, Judge.

WEDNESDAY, OCTOBER 19, 1910.

THE defendant was convicted of maliciously injuring and defacing a building, and appeals.—*Affirmed.*

*Wm. Mulvaney,* for appellant.

*H. W. Byers,* Attorney General, and *Charles W. Lyon,* Assistant Attorney General, for the State.

SHERWIN, J.—The indictment in this case was found under the provisions of section 4822 of the Code, which provides as follows: "If any person maliciously injures, defaces or destroys any building, or fixture attached thereto, or willfully and maliciously destroys, injures or secretes any goods, chattels, or valuable papers of another, he shall be imprisoned in the county jail not more than one year, or be fined not exceeding $500 and be liable to the party injured in a sum equal to three times the value of the property so destroyed or injured."

The indictment was in the following form: "The grand jury of the county of Cherokee, in the name and by the authority of the state of Iowa, accuses malicious injury to the building and fixtures of the crime of committed as follows: The said C. M. Smith, on or about the 26th day of April, in the year of our Lord one thousand nine hundred and eight, in the county as aforesaid, did willfully and maliciously injure a building, to wit, the building belonging to the New State Telephone Company, located on a part of the south half of lot number eight in block number fourteen, Lebourveau's addition to New Cherokee, Iowa, by the willful and malicious breaking by the said defendant of the plate glass window in the frame door of said building on said date, contrary to the Iowa statutes, all done in Cherokee, Cherokee County, Iowa, said building owner being a corporation duly organized under the laws of Iowa."

The appellant contends in various forms that the indictment in this case is fatally defective, for the reason that it was not drawn in strict compliance with the provisions of section 5281 of the Code. The principal objection

that he makes to the indictment is based upon the fact that the caption of the indictment does not spe-

1. CRIMINAL LAW: indictment: sufficiency.

cifically accuse him of any crime. It is said that the indictment is insufficient, because in the caption it is said that the state of Iowa accuses malicious injury of committing a crime, instead of accusing the defendant. There is no merit in this contention, for several reasons. In the first place, the language used in the caption, and even the caption itself, might have been wholly omitted without in any way affecting the validity of the indictment. *State v. McIntire,* 59 Iowa, 264; *State v. Davis,* 41 Iowa, 311. The body of the indictment clearly charges that the crime of malicious mischief was committed by the defendant, C. M. Smith, and every necessary element of a valid indictment is contained in the charging part of this indictment.

It is also said that the charging part of the indictment is too general and uncertain as to the manner of the commission of the alleged offense. There is no merit

2. SAME: malicious mischief.

in this contention. Section 5282 of the Code provides that "the indictment must be direct and certain as regards, first, the party charged; second, the offense charged; and, third, the particular circumstances of the offense charged, when they are necessary to constitute a complete offense." This statute has been often construed by this court, and it is said in *State v. McKinney,* 130 Iowa, 370, that "the offense must be charged with such certainty and in such manner as to enable a person of common understanding to know what is intended. If the indictment is so broad and general in its terms that the accused may be put upon trial for anyone of two or more distinct and independent criminal acts, it is not in compliance with the statute."

Turning to the indictment before us, it is perfectly plain that this defendant is the party charged with the crime, and the indictment specifically charges that he was

guilty of willful and malicious injury to a building, which is the crime covered by section 4822 heretofore quoted. The particular injury to this building was said in the indictment to be the breaking of a plate glass window, and that was sufficient. The indictment need not allege the instrument with which the breaking was done, nor the particular circumstances under which the act was committed, because they were not necessary to constitute a complete offense. A complete offense under this statute was committed when it was shown that a specific injury was done to the building and that it was done maliciously. The indictment was clearly sufficient and so specific that it could not possibly be construed to charge any other crime than the one for which the defendant was tried. *State v. Caffrey,* 94 Iowa, 65; *State v. Shunka,* 116 Iowa, 206.

While the appellant did not make the point in his brief of points, in argument he says that there was no competent evidence showing that the New State Telephone Company was a corporation. A witness for the state testified that he was the superintendent of the New State Telephone Company, a corporation doing business in the state. That was sufficient proof of the corporate capacity of the owner of the building. *State v. Rozeboom,* 145 Iowa, 620.

3. EVIDENCE: corporate capacity: sufficiency.

We have examined the record presented to us with care, and find no error which requires a reversal of the judgment.

It is therefore *affirmed.*