## THE STATE OF IOWA v. MALCOLM.

It is the intent with which the injury is inflicted, or attempted, that constitutes the offense of an assault, with intent to commit a great bodily injury; and when the intent is shown, that which would be an assault, unaccompanied with the felonious intent, will be such when thus accompanied.

Where under an indictment for an assault with intent to commit a great bodily injury, it appeared that the defendant was in a store-room, and while there, some words passed between him and . one O.—the person assaulted—that defendant slid off the counter, with a bowie-knife in his right hand, and threatened O. with violence, when he was caught and held for some time; that O. run, and was soon followed by the prisoner, with the knife in his hand; that he was caught while in pursuit; that while in the house, he was not within ten feet, and when out of the house, not within fifty feet of said O.; that he did not attempt to throw the knife, but had to be held, in order to prevent his following up more closely said O.; and that he was very angry; and where the court instructed the jury as follows: 1. That if the defendant had a bowie-knife in his hand of sufficient capacity to inflict a great bodily injury upon O., and was only prevented from inflicting a great bodily injury upon him, by others, then he is guilty; 2. That if he had the intent, and means to inflict the offense charged, and was only prevented from inflicting the same, by others, the distance of defendant from O., is not material; 3. That if the jury should be of opinion, from the evidence, that defendant had the means and ability, to inflict a great bodily injury upon O., and find the defendant intended, and endeavored to inflict such injury, and would have done so, had he not been arrested and prevented by the interference of others, it will be their duty to find against the defendant; *Held*, That the instructions were correct.

*Appeal from the Lee District Court.*

WEDNESDAY, JUNE 8.

THE defendant was indicted, tried, and convicted for an assault, with intent to inflict great bodily injury. The testimony tended to show, that defendant was in a store-room, and while there, some words passed between him and Owen, the person assaulted; that defendant slid off the counter, with a bowie knife in his right hand, and threatened

Owen with violence, when he was caught and held for some time; that Owen ran, and was soon followed by the prisoner, with said knife in his hand; that he was caught while thus in pursuit; that while in the house, he was not within ten feet, and when out of the house, not within fifty feet of said Owen; that he did not attempt to throw the knife, but had to be held, in order to prevent his following up more closely said Owen; and that he was very angry.

The court refused the following instruction, asked by the prisoner: If the defendant was not, at any time, within ten feet of William Owen, and could not have struck him with the knife at that distance, if he had attempted it, he is not guilty as charged.

At the request of the state, the court gave the following instructions. 1. If the defendant had a bowie-knife in his hand, of sufficient capacity to inflict a great bodily injury upon Owen, and was only prevented from inflicting a great bodily injury upon him by others, then he is guilty. 2. If he had the intent and means to inflict the offense charged, and was only prevented from inflicting the same by others, the distance of defendant from Owen is not material. 3. If the jury should be of opinion, from the evidence, that defendant had the means and ability to inflict a great bodily injury on Owen, and find the defendant intended and endeavored to inflict such injury, and would have done so, if he had not been arrested and prevented by the interference of others, it will be their duty to find against defendant. Motion for new trial, and in arrest, overruled, and the defendant appeals.

*Rankin, Miller & Enster*, for the appellants.

*S. A. Rice*, (Attorney General), for the state.

Wright, C. J.—The case of *Stephens* v. *Myers*, 19 Eng. Com. Law, 414, clearly sustains the instructions in this case. Says Tindal, C. J.: " It is not every threat, when there is

The State of Iowa v. Malcolm.

no actual violence, that constitutes an assault; there must, in all cases, be the means of carrying the threat into effect. The question I shall leave to you, will be, whether the defendant was advancing, at the time, in a threatening attitude, to strike, so that his blow would almost immediately have reached the plaintiff, if he had not been stopped ; then, though he was not near enough, at the time, to have struck him, yet, if he was advancing with that intent, I think it amounts to an assault in law. If he was so advancing, that, within a second or two of time, he would have reached the plaintiff, it seems to me it was an assault in law." To the same effect, are the following authorities : *Morton* v. *Shoppee*, 3 C. & P., (14 Eng. C. L., 355), where it is said, by TENTERDEN, C. J.: "If the defendant rode after the plaintiff, so as to compel him to run into his garden for shelter, to avoid being beaten, that is, in law, an assault." In *State* v. *Davis*, 1 Iredell, 125, it is held, that "an offer to strike, by one person rushing upon another, will be an assault, although the assailant be not near enough to reach his adver. sary, if the distance be such as to induce a man of ordinary firmness, under the accompanying circumstances, to believe that he will instantly receive a blow, unless he strikes in self-defense. "Where," says GASTON, J., in the same case, "an unequivocal purpose of violence is accompanied by an act, which, if not stopped, or diverted, will be followed by personal injury, the execution of the purpose is then begun —the battery is attempted." And see Roscoe's Cr. Ev., 287; Wharton's Cr. L., 544–5; 2 Greenl. Ev., secs. 82–3; 3 Ib., 59.

It is suggested that to constitute an assault, with the felonious intent, as charged in this case, there must be an actual, as contra-distinguished from what counsel call a constructive assault. We understand, however, that the intent with which the injury is inflicted, or attempted, is what constitutes the offense. This is the gist of the offense, and must be proved. If this is sufficiently shown, that which would be an assault, unaccompanied with the felonious intent, will be such when thus accompanied.

We are referred to the case of *Bradley* v. *The State*, 10 S. & M., 618, as being very similar to the one at bar. The only testimony in that case, was, "that of one witness, which showed that defendant was seen, with a knife in his hand, in pursuit of the slave alleged to have been assaulted, when he was stopped by the witness, and that he there made threats against the life of the slave." It did not appear, however, that there was any ability to do present harm—a question of fact, which, in this case, was left to the jury, and with their finding, in this respect, we see no good reason for interfering.

Judgment affirmed.