The State v. Clark.

THE STATE v. CLARK.

Assault: INTENT TO COMMIT GREAT BODILY INJURY: INDICTMENT. An indictment which charges that the defendant did "make an assault upon one H., with intent * * * to strike and bruise, and did inflict upon the person of said H. a great bodily injury," is insufficient to charge an assault with intent to commit great bodily injury, since it does not in words charge more than an intent to strike and bruise,—an intent which may exist in the case of a simple assault or assault and battery,—and the great bodily injury alleged to have been committed may have been in excess of the attempt. [ROBINSON, J., and ROTHROCK, C. J., dissenting.]

*Appeal from Bremer District Court.*—HON. G. W. RUDDICK, Judge.

The State v. Clark.

FILED, JUNE 5, 1890.

THE grand jury of Bremer county returned an indictment against the defendant, the charging part of which is as follows: "The said Edward Clark, on the third day of December, in the year of our Lord one thousand, eight hundred and eighty-seven, in the county of Bremer and state of Iowa, did, with a deadly weapon, to-wit, a certain billiard cue, the particular description of which is to this grand jury unknown, which the said Edward Clark then and there held in his hands, make an assault upon one A. B. Haskins, with intent then and there, wickedly, unlawfully, maliciously and feloniously to strike and bruise, and did inflict upon the person of said A. B. Haskins a great bodily injury, contrary to the form of the statute in such cases made and provided, against the peace and dignity of the state of Iowa." Defendant demurred to the indictment, and, the demurrer being overruled, he pleaded not guilty, and the cause was tried to a jury. The jury returned a verdict of guilty of assault with intent to inflict great bodily injury, whereupon the defendant filed his motion for new trial and in arrest of judgment, which being overruled, judgment was entered upon the verdict; to all of which defendant excepted, and from which he appeals, assigning as errors the overruling of his demurrer, of his motion in arrest of judgment, and for new trial, and in pronouncing judgment on the verdict.

*Wm. H. McClure*, for appellant.

*E. A. Dawson*, County Attorney, and *John Y. Stone*, Attorney General, for appellee.

GIVEN, J.—I. The errors assigned involve the single inquiry whether the indictment charges the assault to have been made with intent to inflict great bodily injury. The indictment must be direct and certain as regards the offense charged. Code, sec. 4298 ( McClain's

Ann. Code, sec. 5683.) An indictment cannot be aided by intendment, or an omission supplied by construction. The acts necessary to constitute the offense must be, in the manner indicated, set out and averred. *State v. Potter*, 28 Iowa, 554. The intent charged is to " strike and bruise," an intent which may exist in a case of simple assault or assault and battery. No intent to inflict great bodily injury is charged, except as it may be inferred from the allegation that he did inflict great bodily injury, but the intention cannot be determined by such inference. Every charge in this indictment may be true, and yet the defendant not be guilty of an assault with intent to inflict great bodily injury. He may have committed a battery by striking and bruising, to such an extent as to inflict a great bodily injury, but it does not follow that he is charged with making the assault with intent to inflict such an injury ; the injury may have been greater than was intended. We do not think that this indictment charges the offense of an assault with intent to inflict great bodily injury with such a degree of certainty and in such a manner as to enable a person of common understanding to know that such charge is intended, and the court to pronounce judgment upon the conviction according to the law of the case. Our conclusion is that the district court erred in not sustaining defendant's demurrer to the indictment, and the judgment of the district court is, therefore,

REVERSED.

ROBINSON, J. ( *dissenting* )—It is true that the indictment must be direct and certain as regards the offense charged, but it is also true that the " words used in a statute to define a public offense need not be strictly pursued in an indictment, but other words conveying the same meaning may be used." Code, sec. 4304. It is sufficient to state the act charged or the offense " with such degree of certainty, in ordinary and concise language, and in such a manner, as to enable a person of common understanding to know what is intended, and

the court to pronounce judgment upon a conviction according to the law of the case." Code, sec. 4305 (5). It does not seem to me that a person of common understanding would be in doubt as to the offense which the indictment in this case was designed to charge. It shows clearly that a great bodily injury was inflicted upon Haskins by means of an assault made with criminal intent to strike and bruise him. It was not necessary to constitute the offense of which defendant was convicted that the assault should have been made with the specific intent to commit that offense. 1 Whart. Crim. Law, sec. 120 ; 1 Bish. Crim. Law, secs. 327, 330. A person is presumed to intend the consequences which are ordinarily to be apprehended as the result of his voluntary act. *State v. Redfield*, 73 Iowa, 644 ; *State v. Gillett*, 56 Iowa, 460. It will hardly be claimed that a great bodily injury would not be a natural result of an assault made by one person upon another with a deadly weapon with the intent to strike and bruise. It was said in *State v. Thompson*, 19 Iowa, 300, that the technical exactness of the common law, as enforced in criminal prosecutions, have been wisely superseded by the statutes of the state, and this court is required to render such judgment on the record as the law demands, without regard to technical errors or defects which do not affect the substantial rights of the parties. Code, sec. 4538. It does not seem to me that the case of *State v. Potter*, cited in the opinion of the majority, contains anything in conflict with the views here expressed. The indictment in that case was held to be insufficient, because it did not set out acts essential to constitute the offense charged, but it is not denied that the acts described in the indictment in this case are sufficient to constitute the crime of which defendant was convicted, if done with the necessary criminal intent. If the indictment had not alleged that the unlawful assault of defendant inflicted upon the person named a great bodily injury, the offense which it was designed to charge would have been left in doubt ; but

it seems to me the facts alleged show clearly that the crime charged was an assault upon Haskins with intent to inflict a great bodily injury. The undisputed facts disclosed by the record are that, at the time of the assault in question, Haskins was a minor, and in a saloon where defendant was playing billiards. He refused to go out when ordered to do so, and was struck on the side of the head by defendant with a billiard cue, with such force that he fell to the floor insensible. He did not recover consciousness until some time after he was removed from the saloon, and "had dizzy spells for a long time," thereafter. He also received an injury described by the surgeon as follows: "His left ear was split, extending back to the skull for half an inch. Took eight stitches to close wound." In view of these facts, it seems to me the judgment of the district court can be reversed only on technical grounds, which do not affect the substantial rights of the parties. I am authorized to say that ROTHROCK, C. J., concurs in this dissent.