VOSBURGH, Plaintiff in error, vs. THE STATE, Defendant in error.

*March 26 — April 12, 1892.*

*Assault with intent to do great bodily harm: Felony: Sentence.*

An assault with intent to do great bodily harm is not "an assault with intent to commit any felony," within the meaning of sec. 4696, R. S.; and where a defendant charged with an assault with intent to do great bodily harm is found not guilty of such intent, but guilty of the assault, he cannot be sentenced under said sec. 4696, but should be sentenced as for a simple assault only, under sec. 4398.

Vosburgh vs. The State.

ERROR to the Circuit Court for *Dane* County.

The facts are sufficiently stated in the opinion.

For the plaintiff in error there was a brief by *Smith &
Buell* and *R. M. La Follette,* and oral argument by *C. E.
Buell.*

The *Attorney General,* for the defendant in error.

ORTON, J. The plaintiff in error was tried on an infor-
mation charging him with having committed upon the body
of one J. G. Mawney an assault with intent to do him great
bodily harm, and was found by the jury "not guilty of an
intent to do great bodily harm," but "guilty of the assault;"
whereupon the court sentenced him to be punished by con-
finement in the county jail of Dane county for the term of
one year, under and by virtue of sec. 4696, R. S. That sec-
tion reads as follows: "In all cases of indictment or infor-
mation in the circuit court for assault with intent to commit
any felony, it may be lawful for the jury, in case they do
not find the felonious intent charged, to convict of the as-
sault; and the court shall have power to sentence the per-
son so convicted to be punished by imprisonment in the
county jail for a term not exceeding one year, or by fine
not exceeding $500." The only question in this case brought
to our attention is whether the plaintiff in error was prop-
erly sentenced for one year in the county jail under the
above section; or should he have been sentenced to impris-
onment in the county jail not more than three months, or
by fine not exceeding $100, under sec. 4398, R. S., as for a
simple assault?

The statute under which the plaintiff in error was tried
(sec. 4377, R. S.) reads as follows: "Any person who shall
assault another with intent to do great bodily harm shall
be punished by imprisonment in the state prison not more
than three years, nor less than one year, or in the county
jail not more than one year, or by fine not exceeding five

Vosburgh vs. The State.

hundred dollars, nor less than one hundred dollars." It will be observed that the *intent* to do great bodily harm constitutes a felony in itself, as defined in sec. 4637, R. S., which provides that "the term 'felony,' when used in any statute, shall be construed to mean any offense for which the offender, on conviction, shall be liable by law to be punished by imprisonment in the state prison." There is no other felony referred to in defining the offense, except the *intent* to do this particular act. All the other offenses of intent to commit murder, robbery, or rape, or other felony are both felonies in themselves, the same as this offense; but there is something more, and that is the act which is the object of the intent is a felony, and a felony at common law as well as by the above statute. There can be no doubt but that the above sec. 4696, R. S., refers to this class of offenses in the language, "with intent to commit any felony," and refers to no other offenses, although they may be felonies in themselves under the statute, like this one. This crime is an intent to commit an act that is not, and is less than, a felony. It is sufficient that it is not an intent to commit a felony, in the language of the statute. It neither comes within the language or intent of the statute. An assault with intent to do this act, which act in itself is not even an offense other than an assault and battery, is of much lower grade than an assault with intent to commit a felony; and the assault itself, without the intent, is correspondingly of lower grade than the assault simply without the intent to commit a felony; at least so the legislature regarded it, or they would have made "great bodily harm" a felony by making it a separate offense from an assault and battery, and punishing it by imprisonment in the state prison. An assault and great bodily harm, without the intent, is no higher offense than a very flagrant assault and battery, which is punished "by imprisonment in the county jail not more than six months nor less than ten days, or by fine not

exceeding one hundred dollars nor less than one dollar, or by both such fine and imprisonment, in the discretion or the court." Sec. 4388, R. S. Such "great bodily harm" must be less than mayhem with intent to cut and disfigure, for that is a higher and separate offense, and a felony at common law as well as by statute. Sec. 4372, R. S. It may at first appear inconsistent to make an assault with intent to do great bodily harm a higher offense than doing great bodily harm. But not so. Doing great bodily harm, in a rude, insolent, or angry manner simply, is a less offense than doing so with *intent* to do it, or than an assault with *intent* to do it. The intent, therefore, ought to be punished more than the act without the intent. The statute is right as it is. The doing of great bodily harm without the intent to do it is a flagrant assault and battery, and punished as such. An assault with intent to do great bodily harm is a much higher offense, and is punished by imprisonment in the state prison not more than three years; and an assault without the intent is a simple assault, and should be punished as such, by imprisonment of not more than three months in the county jail. This not being a case of information in the circuit court for assault with intent to commit a felony, the assault without the intent ought not to have been punished by imprisonment in the county jail for the term of one year, but the imprisonment should have been not more than three months. I think I understand this myself, but perhaps I have not made it clear to others.

It appears that the plaintiff in error was sentenced on the 7th day of December, 1891, and that he has already suffered imprisonment in the county jail exceeding three months, which is the longest term of imprisonment for a simple assault. He ought, therefore, to be discharged.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded with direction to sentence

the defendant under sec. 4398, R. S., *nunc pro tunc*, and to discharge the defendant from further imprisonment. The sheriff of Dane county, Wisconsin, is hereby ordered and directed to produce the said defendant now in his custody in the county jail of said county, and have him before the circuit court of said county for such sentence, and to be discharged from further imprisonment in said jail on the sentence in this case.