THE STATE OF IOWA, Appellee, v. EDWARD FARLEY, Appellant.

1. **Criminal Law:** PROOF OF VENUE. Where an indictment charged that the crime was committed in the county of Buena Vista, of which there was no direct proof, but there was evidence sufficient to show that the crime was committed at Storm Lake, the county seat of Buena Vista county, *held*, that the venue was sufficiently established, since the jury were authorized to take notice of the fact that Storm Lake is in Buena Vista county.

2. **Witnesses:** REQUIREMENT TO ANSWER. Where a witness answers evasively, and the question is repeated for the purpose of eliciting a more definite answer, the court may properly command him to answer.

3. **Evidence:** HEARSAY. A party can not be heard to object to the exclusion of the testimony of a witness who has no knowledge of the matters inquired of, except such as he has learned from the party calling him.

4. **Intoxicating Liquors:** NUISANCE: EVIDENCE. In a prosecution for a liquor nuisance, where the evidence showed no actual sales by the defendant, but did show that his customers drank beer which he delivered to them, and that a large number of beer bottles, many of them full of beer, and two kegs of whiskey were found upon his premises, and that he was not authorized to sell such liquors, *held*, that these facts raised a presumption of guilt, and, in the absence of evidence satisfactorily rebutting such presumption, justified a verdict of guilty.

*Appeal from Buena Vista District Court.*—HON. LOT THOMAS, Judge.

TUESDAY, JANUARY 17, 1893.

THE defendant was accused and convicted of the crime of nuisance, committed by owning and keeping in a building intoxicating liquors, with intent to sell them in violation of law. From a judgment imposing a fine of four hundred dollars and costs, he appeals. *Affirmed*.

*T. D. Higgs* and *Frank J. Brown*, for appellant.

*John Y. Stone*, Attorney General, *H. F. Galpin*, County Attorney, and *Thomas A. Cheshire*, for the state.

ROBINSON, C. J.—I. The indictment charged that the defendant committed the crime of which he was

1. CRIMINAL law: proof of venue.

convicted in the county of Buena Vista, and the state of Iowa, but it is said that the evidence failed to show where the crime was committed. There was no direct evidence on that point, but the trial took place in Storm Lake, the county seat of Buena Vista county. The defendant was a resident of that town, and carried on business in it. There were numerous statements in the testimony of different witnesses which tended to show that the offense for which the defendant was on trial was committed in his place of business in the town where the trial was in progress. There was no apparent controversy in regard to the place of the crime. The evidence was sufficient to show that it was in Storm Lake, and the jury were authorized to take notice of the fact that Storm Lake was in Buena Vista county. *State v. Laffer*, 38 Iowa, 422, 426.

II. The appellant claims that the trial judge was guilty of an abuse of discretion in directing him to answer a question which it is said he had

2. WITNESSES: requirement to answer.

already answered several times. The remark of the court to which objection is

made is not pointed out, but all we find in the record
to which the description of counsel can refer is a direc-
tion of the court in words as follows: "Just answer
his question now." It appears that the defendant
had been asked several questions, which he had
answered evasively, and the answer which caused the
court to make the remark quoted was of an evasive
character. The court was justified in saying what it
did by the conduct of the defendant, and he evidently
thought so at the time, as he made no objection then
to what was said.

III. An officer who searched the premises occupied
by the defendant found thereon two kegs of whiskey.
3. EVIDENCE: The defendant testified that one of them
hearsay. belonged to a man named Peterson, and
that the other was for his own private use. Peterson
was called in as a witness, but was not permitted to
answer certain questions asked by the defendant in
regard to the ownership of the liquor, and the means
by which it had been procured. It appears that the
only knowledge of the matters to which the questions
were directed which Peterson had was derived from
statements made to him by the defendant. The
answers in question were, therefore, incompetent and
properly excluded.

IV. The defendant, at the time he was alleged to
have committed the offense of which he was convicted,
4. INTOXICATING was keeping a billiard hall in Storm Lake.
liquors: nui- It is said that the evidence failed to show
sance: evi-
dence. that he sold, or kept with intent to sell, in
violation of law, intoxicating liquor. It is true that no
actual sales of such liquor are shown to have been made,
but the evidence tended to show that his customers
drank beer which he had delivered to them, and a large
number of beer bottles, (many of which were full of
beer) and two kegs of whiskey were found in his prem-
ises. He was not authorized to sell such liquor, and the

finding of them in his place of business was presump-
tive evidence that they were kept for sale, in violation
of law.   Section 8, chapter 66, Acts Twenty-first Gen-
eral Assembly.   The testimony of the defendant given
to rebut that presumption was evasive and unsatisfac-
tory, and the jury were fully justified in finding that the
liquors were kept for an illegal purpose.

We have examined the entire record with care, but
do not find any error prejudicial to defendant.   The
judgment of the district court is AFFIRMED.