THE STATE OF IOWA, Appellee, v. WILLIAM ORR, Appellant.

89   613
127  681

89 · 613
e139  461

1. **Highways:** CROSSING BRIDGE WITH STEAM ENGINE: INDICTMENT. An indictment charging one with driving a steam engine over bridges and culverts without planks, contrary to chapter 68 of Acts of the Twenty-Fourth General Assembly, but not alleging that the accused is the owner of such engine, is fatally defective.

2. ———: ———: ———: DUPLICITY. It being unlawful under said statute to drive a steam engine over "any bridge or culvert on any public highway," an indictment charging the defendant with driving such an engine over "certain bridges and culverts on the public highway," is bad for duplicity.

*Appeal from Jones District Court.*—HON. J. H. PRESTON, Judge.

WEDNESDAY, JANUARY 17, 1894.

THE defendant was convicted, before a justice of the peace, for a violation of chapter 68, Acts of the Twenty-Fourth General Assembly, with reference to driving steam engines over bridges and culverts without the use of planks. He appealed to the district court, where he was again convicted, and he then appealed to this court.—*Reversed.*

*Sheean & McCarn*, for appellant.

*John Y. Stone*, Attorney General, for the State.

GRANGER, C. J.—I. The information upon which the defendant was tried is as follows: "The above named defendant is hereby accused of the crime of driving and operating a steam engine over bridges and culverts without planks, for that the defendant, on the twenty-third day of September, A. D. 1892, at and

1. HIGHWAYS: crossing bridge with steam engine: indictment.

within Madison township, in said county, did willfully and unlawfully drive a steam engine over certain bridges and culverts on the public highway within Jones county, Iowa, without laying down and using planks, as required by law, contrary to the statutes in such case made and provided." The following are the important provisions of the act defining the offense, and providing the punishment.

Section 2. "It shall be unlawful for any person to drive a steam engine over any bridge or culvert on any public highway in this state without using four strong planks, each to be not less than twelve feet long, one foot wide and two inches thick; two of said planks to be kept continuously under the wheels of said engine while crossing said bridge or culvert."

Section 4. "Any owner of a steam engine who by himself, agent or employee shall violate any of the provisions of this act, shall be deemed guilty of a misdemeanor, and upon conviction thereof shall for each offense be fined not less than ten dollars, nor more than fifty dollars."

There was a demurrer to the information, on the ground that it did not show that the defendant was the owner of the engine, which was overruled. It should have been sustained. Section 2 of the act defines an offense, and it may be committed by "any person." Section 4 provides a punishment for a violation of the act, but limits it to any owner of a steam engine." There is a clear omission, intentional or otherwise, to make a violation of the act punishable by any person except an owner. There is some reason for thinking that it was intended to make the owner liable to punishment for whoever might be the driver of his engine, because of the language "by himself, agent, or employee." But with that construction it is equally necessary, if not more so, that he should be charged in the information as the owner. There is no view of the act under which its penalties can be applied against

any person except an owner. The fact, then, of ownership is a material and a necessary one to be averred and proved.

If it should be thought that the penalty for a violation of section 2 of the act is not that specified in the act, but that provided for generally in cases of misdemeanors where no penalty is prescribed, as in Code, section 3967, it is only necessary to say that the penalty therein prescribed is such as to make the offense triable on indictment, and hence an information would not lie, and. a justice of the peace would be without jurisdiction. But it is very manifest from the act itself that it was intended to provide the penalties for its violation.

II. It is further said that the information is bad, as charging more than one offense. It charges that

2. —: —: —: "the defendant, on the twenty-third day
duplicity.    September, 1892, at and within Madison township, in said county, did willfully and unlawfully drive a steam engine over certain bridges and culverts on the public highway within Jones county," etc. It is not contended to us but that, if the information charges two or more offenses, it is bad; but it is urged that it does not, and that wherein it charges the driving across the bridges and culverts it is not unlike an indictment for larceny wherein the taking of several articles is charged as one offense. In case of such an indictment the taking of the articles constitutes but a single act, but one taking. It can not be said that the driving over two or more bridges and culverts is but one act. The driving over each bridge or culvert is a separate act that of itself constitutes an offense. The language is that "it shall be unlawful for any person to drive a steam engine over any bridge or culvert." When one bridge is driven over, the offense is complete. The driving over another is a separate act, and a separate offense. We think the informa-

tion is bad, as charging more than one offense, and that there can be no legal conviction under it. The judgment is REVERSED.