THE STATE OF IOWA v. CY. ASHPOLE, Appellant.

**Landlord and tenant:** DISPOSAL OF CROPS: CRIMINAL PROSECUTION.
1 An indictment charging a tenant of farm lands with having disposed of grain, in violation of Chapter 146 of the Acts of the Twenty-ninth General Assembly, on a date certain " and at various other times and dates," without charging that each disposal was a part of the same transaction and in furtherance of a single fraudulent design, is bad for duplicity.

**Same.** An indictment charging a tenant with disposing of crops
2 in violation of Chapter 146 of the Acts of the Twenty-ninth General Assembly cannot be aided by intendment but must allege that the tenancy was of farm lands.

*Appeal from Winnebago District Court.*— HON. J. F. CLYDE, Judge.

TUESDAY, JULY 11, 1905.

THE defendant was convicted of larceny, and appeals. — *Reversed.*

*Wesley Martin* and *Geo. E. Pike,* for appellant.

*Chas. W. Mullan,* Attorney-General, and *Lawrence De Graff,* Assistant Attorney-General, for the State.

LADD, J.— The Twenty-Ninth General Assembly enacted that " if any tenant of farm lands shall, with intent to defraud, sell, conceal or in any manner dispose of any of the 1. LANDLORD AND grain, or other annual products thereof upon TENANT: disposal of crops; which there is a landlord's lien for unpaid rent, criminal prosecution. without the written consent of the landlord, he shall be guilty of larceny and punished accordingly." Section 1, chapter 146, page 106. " The payment of the rent for the lands upon which such grain or other annual products were raised at or before the time the same falls due, shall be a bar to any prosecution under section (1) hereof, and no prosecution shall be commenced until such rent be wholly due." Section 2 (page 107) of same chapter. The provisions of the last section are such as to suggest that the design in creating the offense may have been to aid the landlord in collecting rent, rather than the denunciation and punishment of crime. However this may be, it is plain from the language employed that the offense is not a continuing one, but that each sale, concealment, or disposal of any of the grain or annual products burdened with the lien, if with fraudulent intent, constitutes a complete offense, providing, of course, the tenant is not able to settle before the debt matures. See *State v. Orr,* 89 Iowa, 613; *State v. Jameson,* 117 Iowa, 312. But the indictment charges;

that said Cy. Ashpole, on or about the 1st day of August in the year of our Lord one thousand nine hundred and three, in the county aforesaid, and at various and other times and dates, the exact dates and times of which are to this grand jury unknown, between the said 1st day of August, 1903, and the finding of this indictment, without the written consent of the landlord, did willfully and feloniously, and with intent to defraud, sell, conceal, and dispose of grain and other

annual products, being oats and corn, to the value of sixty dollars and over, upon which there was then and there, and is at the time of the finding of this indictment, a landlord's lien for unpaid rent; said grain and products being then and there raised and grown during the season of 1903 on the premises known as the "Watts Farm," in section thirty-one (S. 31), township ninety-nine (T. 99), range twenty-five (R. 25), Winnebago county, Iowa; the said defendant, Cy. Ashpole, being then and there the tenant occupying said premises — and that cash rent to the amount of four hundred fifty dollars was then and there due thereon to the landlord and owner of said premises, to-wit, Mrs. Lillie Watt, to the amount of four hundred fifty dollars, for the rent of said premises for the season of 1903, which was wholly unpaid.

This includes as many offenses as there were sales, concealments, or dispositions made of the property between the dates named, for there is no averment that all were a part of one transaction, and in furtherance of a single design to defraud. Indeed, the trial proceeded on the theory that distinct and separate sales might be shown, and all lumped in together, in determining the amount of property appropriated. The indictment is bad for duplicity. The authorities cited by the State are not in conflict with this conclusion. In *State v. Pierce,* 77 Iowa, 245, the indictment was construed not to allege different conversions of property at different times; and in *State v. Larson,* 85 Iowa, 659, the larceny charged was of property belonging to different persons, but stolen in one act.

Appellant also rightly contends that the indictment is fatally defective in omitting the averment that the tenancy was of farm lands. The statute applies to no others. The oats and corn are said to have grown "on the premises known as the Watts farm," and it might be inferred that as these grains were raised thereon, and as the premises were known as a farm, the lands were farm lands. The rule, however, is well settled that an indictment cannot be aided by intendment. The essential facts must be set out and averred. *State v. Potter,* 28 Iowa, 554;

2. SAME.

*State v. Clark,* 80 Iowa, 517; *State v. Jamison,* 110 Iowa, 337; *State v. Gallaugher,* 123 Iowa, 378.

Some other questions are raised, including a contention that the act under which defendant was indicted is unconstitutional; but, in view of the disposition made of the case, we do not deem it desirable to pass upon them at this time. — *Reversed.*