STATE OF IOWA v. L. MITCHELL, Appellant.

**Assault with intent to do great bodily injury:** SUFFICIENCY OF IN-
**1** DICTMENT. It is sufficient in charging an offense to follow the language of the statute where the same individualizes the crime so that accused may know how it is claimed to have been committed, but in cases where the intent constitutes the aggravation material to the punishment prescribed, the facts need not be alleged with the same particularity as where the prohibition is directed against the doing of a criminal act; so that an indictment under Code, section 4771, charging an assault with a gun and a threat to shoot the person assailed, with intent to do great bodily injury, sufficiently points out the manner in which the crime is charged to have been committed.

Same: PRESENT ABILITY. Intent constitutes the gist of the crime of assault with intent to do great bodily injury, but the allegation of intent alone is not sufficient to cover the question of present ability to inflict the injury; still when supplemented with the charge that the assault was committed by pointing a gun at another, ability to commit the crime is sufficiently charged, although there is no allegation that the gun was loaded; but proof that the gun was not loaded would be material on the question of whether the accused intended to inflict the injury.

Same: DUPLICITY. An indictment charging an assault with a dangerous weapon, to-wit: a shotgun, with intent to do great bodily injury is not open to the objection that it charges an assault and also a threat to commit an assault; as the intent charged is necessary to constitute the aggravated offense.

Venue: JUDICIAL NOTICE. Where a crime is shown to have been committed in close proximity to a certain town the court will take judicial notice of the location of the town, and failure to otherwise prove the venue is not fatal.

Assault: CONDITIONAL THREAT TO DO BODILY HARM. A conditional threat of injury with a deadly weapon, together with an act calculated to put the person assailed in fear, and the present ability to inflict the threatened injury, is sufficient to constitute the crime of assault with intent to do great bodily injury.

Assault with intent to do great bodily injury: DEFINITION: INSTRUCTION. An instruction that to warrant a conviction of assault with intent to do great bodily injury by the use of a shotgun, the jury must find beyond a reasonable doubt that the gun was loaded, that defendant intended to discharge its contents into the person assailed and that he intended thereby to inflict upon such person a great bodily injury, is a sufficient description of the intent.

Same. An instruction that if accused pointed the gun in an angry manner at the person assailed, threatened to discharge its contents into him and cocked the gun for that apparent purpose, the jury would be warranted in the inference that the gun was loaded, and was not objectionable as authorizing conviction if it were found that defendant intended to discharge the weapon "toward" the person assailed.

Circumstantial evidence: INSTRUCTION. The court is not required to instruct at length on the subject of circumstantial evidence, where a prosecution is not wholly based upon that class of evidence, especially when no request is made therefor.

Bishop, J., and Ladd, C. J., dissenting.

*Appeal from Hamilton District Court.*— HON. W. D. EVANS,
Judge.

THURSDAY, JUNE 11, 1908.

REHEARING DENIED, TUESDAY, SEPTEMBER 29, 1908.

DEFENDANT appeals from a conviction for assault with
intent to commit great bodily injury, under which he was
sentenced to pay a fine of $500, and, in default, stand com-
mitted to the county jail until such fine should be paid.— *Af-
firmed.*

*Wesley Martin,* for appellant.

*H. W. Byers,* Attorney-General, and *Charles W. Lyon,*
Assistant Attorney General, for the State.

McCLAIN, J.— I.   The indictment charged that de-
fendant willfully, maliciously, and unlawfully made an
assault with a certain dangerous weapon, to wit, a shotgun,

1. ASSAULT WITH
INTENT TO DO
GREAT BODILY
INJURY: suf-
ficiency of in-
dictment.

etc., which he pointed at the person assaulted,
and threatened to shoot said person " with in-
tent to do him great bodily injury." By mo-
tion in arrest of judgment, the defendant
insisted in the trial court that the indictment was insufficient
to support a conviction for the crime of assault with intent
to do great bodily injury, and now complains of the over-
ruling of such motion.   The statutory definition of the of-
fense attempted to be charged is as follows (Code, section
4771) :  " If any person assault another with intent to inflict
a great bodily injury, he shall be imprisoned in the county
jail not exceeding one year, or be fined not exceeding five
hundred dollars."   It is conceded for appellant that the in-
dictment sufficiently charges an assault committed by point-
ing a gun at the person assailed, and it clearly states the

intent which by the language of the statute is sufficient to constitute an aggravated assault. As we understand the argument for appellant, two objections are made to the indictment: First, that the intent is not more specifically designated; and, second, that the present ability to inflict the injury threatened is not sufficiently charged.

While it is usually sufficient in charging a statutory offense to follow the language of the statute as to the description of such offense, it is no doubt necessary in some way to individualize the particular offense charged, so that the defendant may know in what manner it is alleged to have been committed in order that he may make proper defense. It would not do, for instance, to allege in a mere generalization that the defendant assaulted a person named with intent to do him a great bodily injury. It is not necessary, however, in offenses in which the intent constitutes the aggravation material to the punishment prescribed that the facts be alleged with the same particularity as where the prohibition of the statute is directed against the doing of an act which is made criminal. 2 Bishop's New Criminal Procedure, section 77. 1 Wharton's Crim. Law (10th Ed.), section 644. 1 McClain's Crim. Law, section 280. Accordingly, it has been said by this court that an indictment alleging that defendant " did then and there willfully and maliciously strike and beat C. D. with intent of doing her great bodily injury " would be sufficient to charge the offense. *State v. Carpenter,* 23 Iowa, 506. And, to the same effect, see *Murphey v. State,* 43 Neb. 34 (61 N. W. 491). In the case before us the indictment charges an assault with a gun and a threat to shoot the person assailed with the statutory intent. These allegations clearly point out to the defendant the manner in which he was charged to have intended to commit the great bodily injury threatened, and in this respect we think the indictment was sufficient.

In *State v. Clark,* 80 Iowa, 517, and *State v. Harrison,*

82 Iowa, 716 (two judges in each case dissenting), it was held that an indictment charging an assault made with a weapon described, with intent to beat, strike, wound, etc., and the infliction upon the person assaulted of a great bodily injury, was not sufficient, for the reason that the intent to commit a great bodily injury was not specifically charged. Without now reviewing the correctness of those decisions (as to which the writer of this opinion has very grave doubt), it is sufficient to say that the objection there made is obviated in the present indictment; for the intent to do great bodily injury is not left to inference from the infliction of the injury, but is specifically alleged. We think the cases just cited are authority for holding the present indictment, which does thus specifically allege the statutory intent, sufficient so far as allegation of intent is concerned.

As to the sufficiency of the allegation of ability to commit the offense charged, it may be conceded that allegation of intent alone is not sufficient either to charge an assault or
2. SAME: present ability. to charge the intent relied upon as bringing the case within the class of aggravated assaults specified. The means alleged to have been employed by the defendant, or as intended to be used, must be a means reasonably calculated to effect the intended result; but it seems to us clear that an allegation of an intent to shoot made with reference to an assault committed by pointing a gun at another does sufficiently charge a present ability to inflict great bodily injury. The specific objection made is that there is no allegation that the gun was loaded; but how could defendant have intended to shoot the person assaulted unless the gun which he held in his hands was, in fact, or, as he believed, so loaded as that it could be fired. If he believed that it was loaded and intended to fire it at the person assaulted, he was guilty of an assault with intent to commit great bodily injury, although in fact and contrary to his belief it was not loaded. *Kunkle v. State,* 32 Ind. 220; *Commonwealth v. Creed,* 8 Gray (Mass.) 387; *People v. Lee*

*Kong,* 95 Cal. 666 (30 Pac. 800, 17 L. R. A. 626, 29 Am. St. Rep. 165); *State v. Glover,* 27 S. C. 602 (4 S. E. 564); 1 McClain's Crim. Law, sections 226, 234, 266; 1 Wharton's Crim. Law (10th Ed.), section 642. The indictment was sufficient, therefore, in charging an intent to do great bodily injury by shooting the person assailed with a gun, although it was not specifically alleged that the gun was in fact loaded; for, while the defendant might have made a verbal threat to shoot with an unloaded gun, he could not have intended to shoot with a gun as charged unless he believed that it was in fact loaded. There seems to be very little authority one way or the other on this precise question, but in *Bradberry v. State,* 22 Tex. App. 273 (2 S. W. 592), an indictment in all essential particulars equivalent to the one now before us was held sufficient as against this very objection. It must be borne in mind that the intent of the assailant, and not the act in fact committed, provided, of course, there was an assault, constitutes the gist of the aggravated offense. *Vosburgh v. State,* 82 Wis. 168 (51 N. W. 1092); *People v. Miller,* 91 Mich. 639 (52 N. W. 65). Of course, on the question of fact as to whether the assailant did intend to inflict an injury, proof that the gun was not loaded would be material. *State v. Napper,* 6 Nev. 115; *Davis v. State,* 25 Fla. 272 (5 South. 803). But the question whether the defendant did, in fact, have the intent charged in the indictment, was submitted to the jury on proper instructions, and it is not claimed that the verdict in this respect is without support in the evidence.

II. The objection that the indictment is bad for duplicity is without merit. But one criminal act of assault is charged, and the addition of the charge of intent necessary

3. SAME: du-    to constitute the aggravated assault described
plicity.       in the statute would not constitute the charge of a different crime in such sense as to justify objection to the indictment. *Cokeley v. State,* 4 Iowa, 477. The indictment does not charge an assault and a threat to commit an

assault, but it charges an assault with intent to do great bodily injury. The duplicity which was held fatal in *State v. Orr,* 89 Iowa, 613, and *State v. Ashpole,* 127 Iowa, 680, relied upon by appellant, was in charging entirely distinct transactions.

III.   The proof of venue was not left to inference, but was directly submitted to the jury on evidence tending to show the crime to have been committed within a mile and a

4. VENUE: ju-dicial notice.

half of the town of Blairsburg, and we can take judicial notice of the location of the town so as to know that the land on which the crime is shown to have been committed was necessarily within the limits of Hamilton county. *State v. Reader,* 60 Iowa, 527; *State v. Farley,* 87 Iowa, 22; *State v. Arthur,* 129 Iowa, 235.

IV.   It is contended for appellant that the threat of bodily harm to the person assailed was conditional, and that as there was nothing to prevent his carrying out the threat

5. ASSAULT: con-ditional threat to do bodily harm.

had he intended to do so, and he desisted from inflicting an injury upon compliance by the person assailed with his demands, there was not sufficient evidence of the intent to do harm. It is well settled, however, that a conditional threat of injury accompanied with an act calculated to put the person assailed in fear and with present ability to inflict the threatened injury is sufficient to constitute an assault. *State v. Morgan,* 25 N. C. 186 (38 Am. Dec. 714); *Keefe v. State,* 19 Ark. 191; *State v. Malcolm,* 8 Iowa, 413; *State v. Shepard,* 10 Iowa, 126; 1 Wharton's Criminal Law (10th Ed.), section 607; 1 McClain's Criminal Law, section 232. If the intent was to inflict great bodily harm in the event that the demand by defendant was not complied with by the person assailed, then the assault was with intent to do great bodily injury. *Cato v. State,* 4 Tex. App. 87. The court properly submitted the question of defendant's intent to the jury, and he has no ground to complain.

V.   Several objections are made to the instructions, but

these may be satisfactorily disposed of without elaborate discussion. It is said that the offense with which defendant was charged is nowhere defined. The court did, however, tell the jury very explicitly that, to warrant conviction of the offense charged, they must find beyond a reasonable doubt that the gun was loaded, that defendant threatened to discharge its contents into the person assailed, and that he intended thereby to inflict upon such person a great bodily injury. That the intent to injure another by discharging a loaded gun at him would be at least an intent to inflict great bodily injury admits of no doubt. A great bodily injury is not capable of very exact description. *State v. Gillett,* 56 Iowa, 459. The intent here was therefore sufficiently described.

6. ASSAULT WITH INTENT TO DO GREAT BODILY INJURY: definition: instruction.

It is further said there was no instruction requiring the jury to find that the assault was unlawful. But the acts charged in the indictment as having been willfully and unlawfully done as constituting an assault were recited in the instructions, and it was left to the jury to say whether the defendant was guilty of such acts, and under the circumstances of the case this was sufficient. The jury could not have been misled, for the evidence did not tend to show that the acts charged in the indictment and which the evidence tended to establish were lawfully done in defense of the person or the property of the defendant, nor was any justification or excuse therefor suggested by the evidence. The sole question for the jury with reference to the assault was whether the acts charged, and which the evidence tended to establish, were, in fact, committed by the defendant. If such acts were committed, then they were unlawful and constituted an assault. Self-defense, which was involved in the case of *State v. Shea,* 104 Iowa, 724, was not even suggested by anything appearing in the evidence in this case.

7. SAME.

The instructions are not open to the objection that they

authorized a conviction if the jury should find merely that the defendant intended to discharge the contents of the gun toward the person assailed. The instruction in question is to the effect that if defendant pointed the gun in any angry manner at such person, and threatened to discharge its contents into him, and cocked the gun for the apparent purpose of doing so, the jury would be warranted in the inference that the gun was loaded. So far as the objection is made that this instruction only required a finding that a gun was intended to be discharged towards a person assailed, it is entirely without merit.

The court instructed the jury that the State might prove, by circumstantical evidence, that the gun was loaded, and it is complained that no further instruction as to circumstantial evidence was given. But no such instruction was asked as in *State v. Blydenburg,* 135 Iowa, 264, or *Beason v. State* (Tex. Cr. App.) 63 S. W. 633. We can see no occasion under the record in this case for any elaboration of the law with reference to circumstantial evidence. *State v. House,* 108 Iowa, 68; *Thomas v. State,* 43 Tex. Cr. R. 20 (62 S. W. 919, 96 Am. St. Rep. 834); *Cotton v. State,* 87 Ala. 75 (6 South. 396); *State v. Donnelly,* 130 Mo. 642 (32 S. W. 1124).

8. CIRCUMSTANTIAL EVIDENCE: instruction.

Finding no error in the record, the judgment is *affirmed.*

BISHOP, J. (dissenting).— In my view, the indictment in this case charges no more than a simple assault; and I think the proof is of a simple assault only. Our statute does not define an assault, and this court, in common with some other courts, has declared, in effect, that any offensive and unauthorized physical demonstration made by one against the person of another will constitute an assault, if, coupled with the demonstration, there is an apparent ability to effectuate a battery, or the circumstances are such as to fairly induce a belief in the mind of the party against whom the demonstration is made that the ability to effectuate a battery

is presently existing. Accordingly it has been held that, where one within shooting distance points an unloaded pistol at the person of another, there is an assault, if the party pointed at does not know that the pistol is unloaded. *State v. Shepard,* 10 Iowa, 126. The terrifying effect of the act is the same in the one case as in the other; and hence to each the same consequence is attached. In all such cases it is to be observed that the matter of prime importance is the condition of mind produced or likely to be produced in the party assaulted. But, respecting the charge of an aggravated assault — as one committed with intent to kill, or to do great bodily injury — something more than the effect upon the mind of the person assaulted is to be considered. In such case the intent of the aggressor becomes important to be considered; and the crime is not complete except there be present an intent, not only to inflict an injury, but to go beyond the limits of a mere battery. Hence it is that the intent constitutes the very gravamen of the offense. *State* v. *Malcolm,* 8 Iowa, 413; 3 Cyc. 130, and cited cases. Now, necessary to intent is knowledge or belief. Accordingly, where, as here, the assault consists merely in the pointing of a gun, the party making the assault must know or believe that the gun is loaded and in condition to be discharged. Of course, if there is an accompanying discharge of the gun, the intent is easily inferable from that fact, and, as related to such a case, it is probably true that allegation of that fact would supersede the necessity for allegation of other facts evidencing intent. But where the allegation goes no farther than to charge the pointing of a gun, facts showing the intent necessary to the aggravated offense must be charged. Most certainly it would be necessary to prove that the gun was loaded, or that the aggressor believed it was loaded, and it is axiomatic in criminal law that matters essential to proof are essential to allegation. That is only another way of stating that all the facts necessary to make out the crime must be alleged and proven. I am not unmindful that embodied in

the present indictment is the formal phrase that the defendant pointed the gun with intent, etc.    That, however, is no more than to name the offense of which the pleader conceives that the defendant is guilty.    The statute requires that this shall be followed by a statement of the facts constituting the offense, and included in these must be some fact averment on which can be predicated the legal conclusion that the pointing of the gun was with intent to commit an aggravated assault.    It is not sufficient to charge an offense in the language of the statute by which it is created, except in those cases where the statute defines the offense, and the language includes every material fact constituting the same.    *State v. Whalen,* 98 Iowa, 662; *State v. Shaw,* 35 Iowa, 575; *State v. Davis,* 41 Iowa, 311.    Based on the foregoing considerations, I insist that as the fact of intent was of prime materiality, and as the fact that the gun was loaded or believed to be loaded was essential to intent, such fact should have been alleged.

On the question arising from the proof as made on the trial, it appears without dispute that the threat made by defendant was a conditional one.    The prosecutor was engaged in gathering corn in defendant's field, and it was demanded of him that he desist therefrom.    The threat to shoot was coupled with such demand, and, on the demand being instantly complied with, defendant lowered his gun and the parties separated.    Clearly enough here was proof of an assault, but in my judgment there is no logical ground on which to plant the assertion that there was an assault with intent to inflict great bodily injury.    Without stopping for further citation of authorities, I conclude that the defendant should have been convicted of no more than a simple assault.

In the views thus expressed, LADD, C. J., concurs.