## THE STATE OF IOWA v. WOOD.

1. **Indictment:** AVERMENT: TIME. An indictment for perjury avers that the defendant testified on a certain trial to certain matters, whereas he "did know" they were false. *Held*, that the averment of knowledge of the falsity of his evidence at the time it was given was sufficient.

2. **Criminal law:** PERJURY: TWO WITNESSES. The law does not require two witnesses to establish the giving of the testimony upon which the perjury is assigned: it requires two to prove its falsity.

3. —— PRESUMPTION OF PRESENCE. Where the record shows that a defendant in a criminal action was present at the commencement and conclusion of

his trial, in the absence of any affirmative showing to the contrary, it will be presumed that he was present during the trial and at the rendition of the verdict.

4. ——— ERROR: MUST APPEAR AFFIRMATIVELY. The rule, that error must be made to appear affirmatively, and to the prejudice of the appellant, applies as well to criminal as to civil actions.

5. ——— SENTENCE. When the record shows that sentence was declared in less than three "clear days" after verdict, but is silent as to when the court adjourned, it will be presumed that the sentence was deferred as required by law.

6. ——— PRESUMPTION: SENTENCE. When the record is silent, the Supreme Court will presume that in pronouncing sentence after verdict, the court below observed the directions of § 4870 of the Revision of 1860.

*Appeal from Marshall District Court.*

TUESDAY, JUNE 28.

THE defendant was indicted for perjury. There was a jury trial, verdict of guilty and judgment thereon, from which defendant appeals. The further necessary facts will appear in the opinion.

*Hendershott and Burton* for the appellant.

*C. C. Nourse,* Attorney-General, for the State.

COLE, J.—The defendant by his counsel filed a motion to quash the indictment, and also a demurrer thereto, assigning together some eighteen grounds or causes therefor, many of which are based upon assumed facts which do not appear in the transcript, and many others upon effete technicalities of the law. This is so apparent, that the defendant's counsel, who have filed an elaborate argument in the case, pass over in silence all the grounds except the sixth and seventh points in the demurrer. These two points are concisely stated in appellant's argument to be, "that the indictment does not sufficiently

1. INDICT-
MENT: aver-
ment: time.

charge that the defendant knew *at the time* he was testifying as a witness that the matters he testified to were false."

The averment in the indictment is, "and whereas in truth and in fact, the said defendant, Albert F. Wood, did know that the said Wm. H. Blackman," kept a saloon, &c., "and was selling intoxicating liquors more or less every day, or nearly every day," &c.   The defendant was indicted for an alleged perjury committed in testifying as a witness in a case of the State of Iowa, against one Wm. H. Blackman, for selling intoxicating liquors in a saloon in Marshalltown, contrary to law.   It is claimed that the indictment should contain the averment "that the witness knew the statement to be false at the time he testified to it."   A fair and natural construction of the language of the indictment shows such averment in effect.   It states that at a certain time the defendant testified to certain matters, whereas the defendant "did know" they were false.   The time at which he "did know" they were false, under a fair and natural construction, could be no other than the time at which he testified to them.

II.  It is next claimed that the evidence did not support 2. CRIMINAL the verdict, and this mainly on the ground that the
LAW: per-
jury: etc. two witnesses who gave evidence as to the previous testimony of the defendant upon which the perjury was assigned, did not agree as to what that testimony was, and the law requires that to be proved by two witnesses.   We remark that the two witnesses do substantially concur; but, if it was as claimed by defendant's counsel, that only one of them states the testimony substantially as laid in the indictment, that would be sufficient.   The law does not require two witnesses to establish the giving of the testimony upon which the perjury is assigned, it only requires the two witnesses to prove its falsity.  2 Wharton's Am. Cr. Law, § 2279; *Commonwealth* v. *Pollard*, 12 Metc., 225.

III.  It is further assigned, as error, that the record does

The State of Iowa v. Wood.

not show that the defendant was present at the trial, or at 3. —— Presumptions of presence. the rendition of the verdict. Such presence is required by the Revision, § 4706, and § 4826. The record does show, that on the 4th day of April, 1864, the cause coming on for hearing, the defendant was called, and failing to appear, a default was entered against him and his sureties on his bail bond. That, on the 5th day of April, the defendant appearing in open court, the default was set aside and a jury trial had, and verdict rendered on the 6th, that, on the 7th, a motion for a new trial was made and overruled, and on the 9th, "the defendant being in open court, was called within the bar" and sentenced. Being thus shown to be present at the commencement and conclusion of his trial, this court will presume the defendant present all the time, unless the contrary is shown. *Harriman* v. *The State*, 2 G. Greene, 270. In other words, the error, if any was committed, must be shown affirmatively by the party complaining of it.

Again, it does not appear, even if the verdict was rendered in defendant's absence, that he was prejudiced 4. —— Error must appear affirmatively. thereby, nor is there any such claim made, or pretense set up in this court, and it is well settled that error must not only be shown affirmatively, but it must be shown to have operated to the prejudice of the party complaining of it. Such is the rule in civil actions, and it is made alike applicable to criminal proceedings by the Revision, § 5111. "Neither a departure from the form or mode described by this Code, in respect to any pleadings or other proceedings, nor an error or mistake therein renders it invalid, unless it has actually prejudiced the defendant, or tends to his prejudice in respect to a substantial right."

IV. The verdict of the jury was returned into court on 5. —— Sentence. the 6th day of April, 1864, and the defendant was finally sentenced on Saturday afternoon, the 9th

day of April. This is assigned as error. The Revision, § 4862, provides that "the time appointed for pronouncing judgment must be at least three clear days after the verdict is recorded, if the court remains in session so long, or if not, as remote a time as can reasonably be allowed; but in no case can the judgment be pronounced in less than six hours after the verdict is recorded." The record in this case is entirely silent as to when the court adjourned, nor have we any means of knowing when it did adjourn: It was said by BALDWIN, J., in delivering the opinion of this court in *The State of Iowa* v. *Marvin*, 12 Iowa, 499, that "*clear days* as here used, are days *exclusive* of the day the verdict was rendered, and the day upon which judgment should be pronounced. In the absence of any showing to the contrary, we are to presume that the court deferred its judgment to as remote a period as it reasonably could." The object of this provision of the law, is evidently to give the defendant ample time to prepare his application for a new trial. The defendant does not even claim that he was in any manner prejudiced by this action of the court; on the contrary, it appears that his motion for a new trial was made and passed upon by the court."

That case is analogous to, and decisive of the same point made in this:

V. It is provided by Revision, § 4870, that "when the defendant appears for judgment, he shall be informed by the court or by the clerk under its direction, of the nature of the indictment, and of his plea, and the verdict, if any, thereon, and must be asked whether he have any legal cause to show why judgment should not be pronounced against him." The defendant now insists in this court that this was not done, and he relies upon the *silence* of the record to show that it was not done. This statute is but simply declarative of the common law, and of the practice in this State for years prior to its passage, yet

6. —— Presumptions: sentence.

the records of but few, if any cases, show affirmatively that it was done, or that the failure to show it was assigned as error. There is no law requiring the court to make its action, in that particular, of record, although it might very properly be so done, and no presumption of its omission can be made from the failure to enter it of record. The presumption is that the court has done its duty, and if there was error it would doubtless be cured by Revision, § 5111, *supra*.

We have thus passed at some length upon each assigned error, which the defendants have deemed of sufficient importance for themselves to mention or discuss, and we find no error appearing affirmatively to the prejudice of defendant, and none others can be made available under our Statute; and the judgment is therefore

Affirmed.