THE STATE OF IOWA, Appellee, v. NORMAN FISHEL, Appellant.

Venue: JUDICIAL NOTICE. The location of incorporated municipalities
1  within a certain county is a matter of judicial notice

Venue: EVIDENCE. Venue is a question of fact to be gathered from the
2  proven circumstances. Evidence held to support a finding that the prosecution was in the proper county.

Attempted Rape: EVIDENCE. Evidence upon a prosecution for at-
3  tempted rape is reviewed and held to sustain a verdict of conviction.

*Appeal from Page District Court.*—HON. N. W. MACY, Judge.

TUESDAY, DECEMBER 15, 1908.

THE defendant was convicted upon a charge of attempted rape, and appeals.—*Affirmed.*

*Parslow & Peters* and *H. H. Scott,* for appellant.

*H. W. Byers,* Attorney General, and *C. W. Lyon,* Assistant Attorney General, for the State.

WEAVER, J.—Counsel for appellant confine their argument for a reversal of the judgment below to two propositions.

I. It is claimed there was a failure of proof upon the allegation that the offense was committed in Page County, Iowa. According to the story of the prosecuting witness, a girl of eighteen years, she entered a buggy driven by appellant, who undertook to carry her from Clarinda to her home in Braddyville in said county, taking a route in a southerly direction through Shambaugh to Morseman, thence westerly in the direction of Braddyville. She states that before they reached Shambaugh the defendant began his assault upon her person, and at repeated intervals until after they reached Morseman and a short distance beyond he made numerous unsuccessful attempts to have intercourse with her by force and against her will. At a short distance beyond Morseman she left appellant's buggy and sought the protection of another person, who took her to her home, where she at once related the story of her alleged wrongs to her parents. The record affirmatively shows that Braddyville is in Page County. Clarinda and Shambaugh are incorporated municipalities, the location of which in Page County is a matter of judicial notice. See *State v. Mitchell,* 139 Iowa, 455, and cases there cited.

Even if, as counsel claim, Morseman is a mere place without a corporate or other organization, making its location the subject of judicial notice, yet its location is

*(margin note: 1. VENUE: judicial notice.)*

approximately shown by the testimony of the witnesses.

2. VENUE: evidence. Moreover, the person with whom the prosecuting witness sought refuge locates the place at which they met about ten miles from Clarinda. The route, course and distance which the appellant drove are stated with some degree of particularity by the complainant. The question of venue is one of fact for the jury, and with the data furnished by the testimony of these witnesses we can not say that the finding of the jury that the crime was committed in Page County is without support in the record. The beginning and end of the route were in Page County, and, unless by some extremely indirect course, their line of travel between the two towns must have been in that county. The possibility that they may have driven beyond the county line does not so overcome the force of the other proved circumstances as to justify the court in saying there was a failure of proof on the matter of venue.

II. The other point raised for our consideration is the sufficiency of the evidence to sustain the verdict. It is conceded that if a criminal assault was made upon the prosecuting witness at the time and place

3. ATTEMPTED RAPE: evidence. charged in the indictment the evidence is sufficient to indicate the appellant as the person who committed it, but it is argued with much earnestness that the utmost of appellant's wrongdoing was indelicate solicitation accompanied by "arguing, teasing and using a measure of physical force, but at the same time no such force as would or could overcome her resistance." It is unnecessary for us to rehearse the details of the unsavory story. If the jury believed the testimony of the prosecuting witness, it was justified in finding that appellant made a most gross and indecent assault upon her with intent to ravish her without regard to any resistance she might offer, and that he failed in the attempt simply because she vigorously repelled his advances and took ad-

vantage of the appearance of other travelers upon the highway to effect her escape. Appellant admits that he took liberties with her person, but claims that she in no manner resented it. It was for the jury to say which witness, if either, told the truth. It is the expressed belief of counsel that the prosecuting witness "doth protest too much," and that her story is not in all respects consistent with defendant's version of the affair or with the other admitted facts; but, as we have already said, the credibility of the testimony was a matter for the jury, and it is not at all strange that she should have been believed, as against the counter statements of this remarkable young man, who, while admitting that during the course of a drive of several hours he was kissing, caressing and fondling the young woman, handling her person, exposing her limbs and indulging generally in unprintable familiarities with her, yet gravely swears that during all of this salacious experience the thought of sexual intercourse never entered his mind. Moreover, faith in the substantial truth of the girl's story is very materially strengthened by the undenied fact that she fled from appellant's buggy to the protection of a passerby, and immediately upon arriving home made known to her parents the alleged assault which she had suffered. It would be an unheard-of departure from the most familiar rules governing the trial of jury cases for the court to pass upon the comparative credibility of the witnesses, or to say that the verdict upon such testimony should be set aside as having no support in the record. The appellant appears to have had a fair trial, and no prejudicial error is shown.

The judgment of the district court is *affirmed*.