STATE OF IOWA, Appellee, v. JOE ALTOMARI, Appellant.

CONSTITUTIONAL LAW:  Power of Court—Necessity for Ruling.  The
1  constitutionality of a statute will not be determined in the ab-
sence of a necessity for such determination.

INDICTMENT AND INFORMATION:   Indorsement of Witnesses—
2  Discrepancy in Names.  Inaccuracy in indorsing on an indictment
the name of a witness before the grand jury does not work an
exclusion of the testimony of such witness when the accused has
not been misled by the inaccuracy.

CRIMINAL LAW:  Venue—Sufficiency of Testimony.  Evidence that
3  an offense was committed somewhere within the limits of Des
Moines, Iowa, is sufficient to carry the issue to the jury.

RAPE:  Complaints—Competency.  In a prosecution for rape, com-
4  plaints made by the prosecutrix very soon after the occurrence are
competent.

Headnote 1.  12 C. J. p. 780.  Headnote 2.  16 C. J. p. 797.  Headnote
3.  16 C. J. p. 924.  Headnote 4.  33 Cyc. p. 1463.

*Appeal from Polk District Court.*—JOSEPH E. MEYER, Judge.

DECEMBER 11, 1924.

DEFENDANT, over 25 years of age, was indicted for rape on
Rosa De Angelo.  Prosecutrix was about 15 years of age at the
time of the transaction.  Trial to a jury, who found defendant
guilty of assault with intent to commit rape.  Judgment was
pronounced, and he appeals.—*Affirmed.*

*C. C. Putnam, Wilson & Shaw,* and *Tom K. Murrow,* for
appellant.

*Ben J. Gibson,* Attorney-general, *Maxwell A. O'Brien,* As-
sistant Attorney-general, *Vernon D. Seeburger,* County Attor-
ney, *Russell Jordan,* Assistant County Attorney, and *Earl C.
Mills,* for appellee.

PRESTON, J.—Prosecutrix and defendant are Italians. On a Sunday in June, 1922, prosecutrix, together with her cousin Mary, aged eight, and Lena, were returning home from a picture show in Des Moines, Iowa. Defendant and another were in an automobile, and asked prosecutrix and her cousins to ride. They rode out to some woods in a park, and there, according to the testimony of prosecutrix, she was ravished by both men. She testified that they put a cloth over her face, tying a handkerchief tight over her eyes; that they threw her to the ground. The details are too revolting to set out in print.

I. It is argued by appellant that the testimony of prosecutrix is unreliable because there are contradictions therein, and that she refers repeatedly to "their" having committed an act which, of necessity, could only have been committed by one, etc. We suppose that both could be convicted if they were aiding and abetting each other, even though only one had intercourse with her. But she testifies that both did. There may be some contradictions; but this is not to be wondered at, since she and some of the other witnesses were very young, were Italians, and an interpreter was used. Their evidence is not denied. No witnesses were used on behalf of the defendant. The weight of the evidence of the witnesses for the State was for the jury. The verdict has ample support in the testimony.

II. The constitutionality of the statute, Chapter 192, Acts of the Thirty-ninth General Assembly, is vigorously attacked, and elaborately argued. This seems to be the point most relied 1. CONSTITUTIONAL upon by appellant. The rule is universal that LAW: power of the courts will not pass upon the constitutional-court: necessity for ruling. ity of a statute unless it is necessary to do so in the determination of a given case. We have held that, under the circumstances of this case, and because of the age of the parties, the court is not required to pass upon the question. *State v. Wrenn,* 194 Iowa 552, 557; same case, 263 U. S. 688. See, also, *State v. Toland,* 198 Iowa 767.

III. Some other matters of minor importance are discussed briefly. One is that Mary Izzolene and Fred Izzolene were permitted to testify, over the objection that their names did not

2. INDICTMENT
AND INFORMA-
TION: indorse-
ment of wit-
nesses: discrep-
ancy in names.

appear on the indictment. The names indorsed are Mary Tuzzeleni and Fred Tuzzeleni. It is true that there is a slight variance in the spelling of the surname. However, it appears that it is pronounced in English as it is spelled in the indictment, and that the name as it should be spelled is pronounced in the same way. It appears without dispute that these two were the identical persons who appeared before the grand jury, and who testified. It is shown that they lived at the address given in the minutes before the grand jury, and that there was no person in Des Moines by the name of Tuzzeleni. There is no claim that the defendant was in any way misled or prejudiced by the fact that the witnesses' names were misspelled. In *State v. Dale,* 109 Iowa 97, 100, we said:

"The purpose of each is to inform the defendant what persons will be examined on behalf of the State, and what is expected to be proven by them. We have seen that an error as to the name or residence of a witness that does not mislead the defendant as to the identity of the person will not prevent the State from examining such witness, and for the same reason a mistake in stating the occupation of the witness that does not mislead the defendant should not prevent the examination. Whether the State was entitled to examine this witness under said notice was a question for the court, and full inquiry as to the occupation of the witness and defendant's acquaintance with him should have been permitted; and, if the court found that the defendant was informed by the notice that this witness would be examined, the examination should have been permitted; and, if the court found otherwise, it should not. The State sought to prove that the defendant and Brannan had resided in the town of Shellrock for a long time; that they were acquainted; that there was no other John Brannan residing in that town."

In *State v. Ostrander,* 18 Iowa 435, 453, the name indorsed was Umpstead. The name of the witness was Olmstead. The court said:

"The defendant does not offer to show or pretend that he had been misled in fact. He and his attorney doubtless knew who was intended. The sound of the names is substantially the

same. There was no suggestion that there were 'Ulmsteads' in the neighborhood, so as to render it probable that the defendant or his attorney might have been deceived.''

See, also, *Houston v. State*, 4 G. Gr. 437; *State v. Groome*, 10 Iowa 308.

IV. It is contended by appellant that the venue was not shown. It appears that the transaction occurred at some park in Des Moines. Witness did not know the name. The evidence shows that the transaction took place in the city of Des Moines. There was never any dispute or issue as to this question. In *State v. Heft*, 148 Iowa 617, 626, it appeared that the offense was committed at a certain farm. A witness testified that the farm was situated about five miles south of Independence, and that she had always supposed it was in Buchanan County, but did not know. The court said:

3. CRIMINAL LAW: venue: sufficiency of testimony.

''We think this evidence was sufficient to carry the question of venue to the jury.''

See, also, *State v. Fishel*, 140 Iowa 460, 462; *State v. Mitchell*, 139 Iowa 455.

V. A witness testified as to complaints made by prosecutrix soon after her return home after the commission of the offense. It was a short time after the offense was committed. She was crying, and the children who were with her were crying when they reached home. The bruises and marks of the assault were upon her, and she immediately told what had occurred. We think the evidence was competent. *State v. Hutchinson*, 95 Iowa 566; *State v. Minella*, 177 Iowa 283, 308; *State v. McGhuey*, 153 Iowa 308, 313. Furthermore, it appears that this testimony went in without objection, and that the defendant fully cross-examined the witness upon the matters now complained of.

4. RAPE: complaints: competency.

There was no prejudicial error. The judgment is—*Affirmed.*

ARTHUR, C. J., and EVANS and FAVILLE, JJ., concur.