STATE of Iowa, Appellee,

v.

James E. McKEE, Appellant.

No. 55583.

Supreme Court of Iowa.

Nov. 13, 1974.

Newport, Newport, Wine & Buzzell, Davenport, for appellant.

Richard C. Turner, Atty. Gen., Jim P. Robbins, Asst. Atty. Gen., and Edward N. Wehr, County Atty., for appellee.

Heard before MOORE, C. J., and MASON, UHLENHOPP, REYNOLDSON and McCORMICK, JJ.

UHLENHOPP, Justice.

In this appeal, defendant James E. McKee attempts to raise questions which he contends arose during his trial on a charge of uttering a forged instrument. He does not argue or cite authority in support of two of his contentions, and we do not consider them. State v. Mattingly, 220 N.W.2d 865 (Iowa).

At trial, the State produced two witnesses. Gerald D. Schafer testified that someone stole his checkbook and that he did not sign or authorize anyone to sign his name to a check payable to James E. McKee. James Askelson testified defendant came to Askelson's oil station, obtained gasoline and change, represented that he worked for a Schafer Construction Company, and gave Askelson a check for $116 (Exhibit 1) payable to and endorsed by defendant and purportedly signed by Gerald D. Schafer.

Defendant produced one witness. Gary Richards testified that one evening while he was tending bar, defendant came in with a man and introduced the man as Gerald Schafer, and that such man is not the Gerald D. Schafer who testified as a witness for the prosecution.

After defendant rested and in the absence of the jury, the State requested permission to produce rebuttal witnesses the next morning. Defense counsel, Mr. Frank Tucker, objected strenuously. A lengthy exchange occurred among defense counsel, the prosecutor, and the trial court. At one point in the exchange, this occurred:

Defendant: Can I say something, Judge?

The Court: No, you can't say anything. That's the reason you have got an attorney.

Following a brief comment thereafter by defense counsel, court adjourned. It reconvened the following morning, when this occurred in the jury's absence:

Defendant: May I say something?

The Court: No. You have got an attorney here.

Defendant: I was angry here, if I did I don't mean.

The Court: I am not blaming you for anything. I don't find fault for the defendant.

The State did not put on rebuttal witnesses, the parties argued the case to the jury, and the jury found defendant guilty.

Defendant moved for a new trial on the ground, among others, that the prosecutor made irrelevant, inflammatory jury arguments. The trial court overruled the motion.

The trial court sentenced defendant to the penitentiary not exceeding 25 years, defendant having been previously convicted, sentenced, and committed in 1957 for breaking and entering and in 1965 for forgery. See Code 1973, § 747.5. The reporter's notes on the hearing on sentence became lost and were not transcribed.

Defendant appealed. He argues the following contentions. First, the trial court erred in not permitting defendant to speak to the court during trial. Second, the court erred in not permitting defendant to address the court in allocution—and in connection with that, defendant is deprived of a full appeal since the reporter's notes have become lost. Third, the court erred in overruling the ground of defendant's motion for new trial asserting inflammatory jury argument by the prosecutor.

■ I. *Addressing Court.* Ordinarily a trial court acts within its discretion in requiring an accused to speak through his counsel at the trial except, of course, when the accused testifies. See Lee v. Alabama, 406 F.2d 466 (5 Cir.); Duke v. United States, 255 F.2d 721, (9 Cir.), cert. den. 357 U.S. 920, 78 S.Ct. 1361, 2 L.Ed.2d 1365. As stated in 23 C.J.S. Criminal Law § 979 at 930–931:

Ordinarily accused must either conduct his own defense or be represented by counsel and cannot combine both; accused has no right to be heard both in person and by attorney; where he is conducting his own defense, he has no right to have an attorney speak for him and he is not entitled to speak for himself where he is represented by counsel.

■ Here the attorneys and the trial court vigorously exchanged views as to whether the State should be allowed to introduce rebuttal evidence. In the course

of the exchange, defendant asked to say something. The trial judge refused, stating that defendant had an attorney—and the record shows that the attorney was holding up defendant's side of the debate very well. At opening of court the next morning, defendant again asked to be heard and apparently tried to apologize for becoming angry. The trial judge stated he did not blame defendant.

Initially we find nothing here to indicate the trial court abused its discretion in requiring defendant to speak through his attorney. Trial judges must keep order, and a trial can become bedlam if counsel and client both take the floor.

In this court, defendant contends that his trial counsel represented him ineffectively by failing to bring out points favorable to the defense, and that on the two occasions in question defendant desired to point this out to the trial court. We think defendant is right to this extent: although a represented accused may be required to speak through counsel, if he desires to point out to the trial court that he is being ineffectively represented he should be permitted to address the court. See State v. Taylor, 211 N.W.2d 264 (Iowa). But we think defendant is not entitled to a reversal on this basis, because defendant does not demonstrate any way that his counsel was ineffective to that juncture. State v. Kendall, 167 N.W.2d 909, 911 (Iowa) (allegations of inadequate repesentation "must be supported by more than speculative, generalized argument"). The truth of the matter is that defense counsel faced an uphill battle on the facts. We do not find error here and do not find merit in defendant's first contention.

II. *Allocution—Lost Notes.* Defendant charges in his argument that the trial court did not permit proper allocution and that he cannot set out the proceedings because the reporter's notes are lost.

We cannot assume that the court did not afford defendant his right of allocution; the presumption is the other way. State v.

McCoy, 249 Iowa 1272, 92 N.W.2d 146; State v. Wood, 17 Iowa 18. In the absence of the reporter's transcript, defendant could not fill the void by merely asserting facts in argument. The statute provides a procedure for such situations, the bill of exceptions. Code 1973, §§ 786.5–786.9. Defendant did not take advantage of that procedure. We do not have a record on which to pass on his contention. State v. Whitfield, 212 N.W.2d 402 (Iowa).

The unavailability of a reporter's transcript does not ipso facto entitle an accused to a reversal if a fair substitute is available and the State is not guilty of chicanery. People v. Chessman, 35 Cal.2d 455, 218 P.2d 769; People v. Serrato, 238 Cal.App.2d 112, 47 Cal.Rptr. 543; People v. Fuentes, 132 Cal.App.2d 484, 282 P.2d 524. Defendant does not suggest chicanery here, and a bill of exceptions appears an adequate device to raise the matters he argues, if in fact they occurred. See Mayer v. City of Chicago, 404 U.S. 189, 194, 92 S.Ct. 410, 414, 30 L.Ed.2d 372, 378 ("a bystander's bill of exceptions"). We do not sustain defendant's second contention.

III. *Prosecutor's Argument.* Defendant contends the prosecutor made irrelevant, inflammatory arguments to the jury. But here again defendant did not make a record by bill of exceptions; thus the matter is not before us. State v. Means, 211 N.W.2d 283 (Iowa); State v. LaMar, 260 Iowa 957, 151 N.W.2d 496 (Iowa). We do not uphold defendant's third contention.

We sustain the judgment and sentence.

Affirmed.