231 N.W.2d 579 (1975)
STATE of Iowa, Appellee,
v.
David McCRAY, Jr., Appellant.
No. 56994.
Supreme Court of Iowa.
July 31, 1975.
Betty, Neuman, McMahon, Hellstrom & Bittner, Davenport, for appellant.
Richard C. Turner, Atty. Gen., Jim P. Robbins, Asst. Atty. Gen., and Edward N. Wehr, County Atty., for appellee.
Submitted to MOORE, C.J., and RAWLINGS, LeGRAND, REYNOLDSON and McCORMICK, JJ.
*580 RAWLINGS, Justice.
Defendant, David McCray, Jr., appeals from judgment on jury verdict finding him guilty of breaking and entering. We affirm.
As demonstrated infra, the factual situation here involved is of little significance. It will therefore be briefly summarized.
Bettendorf police officers, acting pursuant to a radio call, went to the vicinity of a local church. Soon after arrival they found defendant hiding in some nearby shrubs. McCray and a separately concealed individual, Robley Barnes, were arrested. Investigation revealed a church window had been broken. About ten feet therefrom the officers discovered a sack encased sledgehammer, ax head and crowbar. A screwdriver and flashlight were also recovered. At a point near plaintiff's hiding place the officers unearthed a pair of gloves coated with a chalky substance similar to that bordering the broken window.
McCray was preliminarily charged by information. Soon thereafter attorney A. Jackson Allen was appointed counsel for defendant and a preliminary hearing ensued. The accused was resultantly held to answer. Appointed counsel then moved for a speedy trial. December 10, 1973, the case came on for hearing. Defendant then, in essence, personally moved for a continuance although his attorney was present and expressed a readiness to proceed with trial. In support of his aforesaid motion McCray voiced a desire to secure other counsel because his appointed attorney had allegedly failed to attempt any pretrial discovery or to call some witnesses, apparently unidentified by defendant. McCray also manifested a desire to more appropriately groom himself for trial. Defendant's continuance motion was overruled.
After return of the guilty verdict attorney Arthur Buzzell unsuccessfully moved for a new trial. To the extent here relevant he, by supplement, orally asserted defendant's pretrial motion, supra, had been erroneously overruled.
In support of a reversal McCray contends he was denied a fair trial because (1) trial court erred in denying his request for a continuance in order that he might secure new counsel and (2) he was denied effective assistance of counsel due to the appointed attorney's inadequate preparation for trial.
These assignments, though interrelated, will be considered in the order presented.
I. Defendant here contends trial court's failure to grant a continuance in light of his declared desire to secure substitute counsel served to deny him a fair trial.
This claim prefatorily encounters a procedural obstacle. In State v. McKee, 223 N.W.2d 204, 205 (Iowa 1974) we said:
"Ordinarily accused must either conduct his own defense or be represented by counsel and cannot combine both; accused has no right to be heard both in person and by attorney; where he is conducting his own defense, he has no right to have an attorney speak for him and he is not entitled to speak for himself where he is represented by counsel."
In like vein, ABA Standards Relating to the Prosecution Function and the Defense Function, § 5.2(b) (Approved Draft 1971) states:
"The decisions on what witnesses to call, whether and how to conduct cross-examination, what jurors to accept or strike, what trial motions should be made, and all other strategic and tactical decisions are the exclusive province of the lawyer after consultation with his client."
In the instant case McCray originally requested appointment of counsel. At no time thereafter did he ask for leave to proceed pro se. Therefore, defendant's right to so act in trial-related proceedings was accordingly waived. See State v. Smith, 215 N.W.2d 225, 226-227 (Iowa 1974).
And, since attorney Allen unquestionably considered himself prepared for trial, defendant could not effectively seek a *581 continuance without first obtaining authority to act in his own behalf.
Finally, on this assignment we fail to find anything in the record which would reasonably tend to reveal existence of a irreconcilable conflict between McCray and his appointed attorney Allen. See United States v. Young, 482 F.2d 993, 996 (5th Cir. 1973).
In any event we find no abuse of discretion by trial court in overruling McCray's moment-of-trial continuance motion. See Madison Silos, Div. of Martin Marietta Corp. v. Wassom, 215 N.W.2d 494, 498-499 (Iowa 1974); State v. Cowman, 212 N.W.2d 420, 423 (Iowa 1973).
Defendant's first contention is devoid of substance.
II. With regard to McCray's contention to the effect his trial attorney was remiss in interviewing witnesses, the record discloses defense counsel discussed with defendant events leading to his arrest and the matter of possible witnesses on approximately seven separate occasions before trial. Attorney Allen's report also reveals he conferred three and a half hours with prospective witnesses. More than three hours were also spent by him on court appearances and telephone conferences with representatives of the county attorney's office. Furthermore, Mr. Allen, on several occasions, asked McCray to divulge the names of witnesses claimed by him to be favorable to the defense but apparently received no response to these requests.
Admittedly, defense counsel's records fail to disclose time devoted to research or any inspection of the crime scene.
Be that as it may, we said in Wycoff v. State, 226 N.W.2d 29, 32 (Iowa 1975), quoting from State v. Massey, 207 N.W.2d 777 (Iowa 1973):
"`When lack of preparation is asserted as the basis of denial of proper representation, the entire record must be examined and the totality of the circumstances evaluated to determine counsel's effectiveness. * * * [citing authorities]. The test is whether in all the circumstances counsel's performance was within the range of normal competency. Moore v. United States, 432 F.2d 730, 737 (3 Cir. 1970). To warrant finding a deprivation of due process, such circumstances must include "an affirmative factual basis demonstrating counsel's inadequacy of representation." In re Parker, 423 F.2d 1021, 1025 (8 Cir. 1970).' See also Ogden v. State, 215 N.W.2d 335, 337-338 (Iowa 1974) and authorities cited."
Here McCray has totally failed to provide a factual basis upon which this court can properly determine whether defense counsel was or was not adequately prepared for trial or that his efforts were or were not within the normal range of competency. Stated otherwise, we are asked to speculate with regard to the instant issue. As in the past we again decline to do so. See State v. McKee, 223 N.W.2d at 206; State v. Kendall, 167 N.W.2d 909, 911 (Iowa 1969).
Furthermore, we have reviewed the entire record and under all the circumstances now hold it fails to disclose defendant was denied a fair trial due to alleged incompetency of counsel. See Wycoff v. State, supra.
Defendant's second asserted error is without merit.
Affirmed.