**STATE of Iowa, Appellee,**

v.

**Ralph Edward SWALLOM, Appellant.**

**No. 2–58000.**

Supreme Court of Iowa.

July 30, 1976.

P. F. Elgin and Richard B. Clogg, Indianola, for appellant.

Richard C. Turner, Atty. Gen., Ray Sullins, Asst. Atty. Gen., and John W. Criswell, County Atty., for appellee.

Heard by MOORE, C. J., and MASON, RAWLINGS, HARRIS, and McCORMICK, JJ.

McCORMICK, Justice.

Defendant appeals his conviction and sentence for uttering a false check in violation of § 713.3, The Code. He contends the trial court erred in overruling his objection to the testimony of a witness whose full name

was not endorsed on the information, in sustaining an objection by the State to a question of the complaining witness regarding whether he had asked the county attorney to drop the charge, and in overruling his motion for mistrial based on alleged prosecutor misconduct in closing argument. We affirm the trial court.

The charge was based on an allegation that on July 5, 1974, defendant uttered a check for $20 drawn on the Farmers Savings Bank of Walford, Iowa, to Felton's D–X service station in New Virginia, receiving gasoline and cash for it, at a time when defendant knowingly had no arrangement, understanding or funds with the bank to assure payment of the check. Defendant admitted he uttered the check for value as alleged but contended he did so without intent to defraud in that he thought he had an account in the bank containing sufficient funds to pay the check.

I. *Failure to endorse the full name of a witness.* The State had two witnesses, Wade Felton, owner-operator of Felton's D–X service, who took the check from defendant, and Eugene R. Kaiden, cashier of Farmers Savings Bank of Walford, the bank on which the check was drawn. Kaiden's name was endorsed on the county attorney's information as "Mr. Kaiden". The minute of Kaiden's testimony attached to the information included a statement that Mr. Kaiden would testify "[t]hat he is an officer of the Farmers Savings Bank of Walford, Iowa". The minute also disclosed he would testify that defendant had no arrangement, understanding, or funds to meet or pay the check involved.

When Kaiden was called as a witness by the State, the defendant objected to his testimony on the ground that his full name was not endorsed on the information as required by § 769.4, The Code. The trial court overruled the objection, and Kaiden testified. Defendant assigns the court's ruling as error.

Section 769.4, The Code, provides: "The county attorney shall, at the time of filing such information, indorse or cause to be indorsed thereon the names of the witnesses whose evidence he expects to introduce and use on the trial of the same, and shall also file with such information a minute of the evidence relating to the guilt of the accused of the offense charged of each witness whose name is so indorsed upon the information."

The purpose of this requirement is to inform the defendant of the identity of State witnesses and what evidence they will give. *State v. Altomari,* 199 Iowa 43, 45, 201 N.W. 51, 52 (1924). Failure to give the full or correct name of a witness does not preclude the State from using the witness when the omission does not mislead the defendant as to the identity of the witness. *State v. Leitzke,* 206 Iowa 365, 371, 218 N.W. 936, 938 (1928); *State v. Altomari,* supra; *State v. Leeper,* 198 Iowa 83, 86, 199 N.W. 341, 342 (1924); *State v. Anderson,* 125 Iowa 501, 502–504, 101 N.W. 201, 202 (1904). No basis exists in the record here to say the failure of the State to endorse witness Kaiden's full name on the information misled or confused defendant as to his identity.

The court did not err in overruling defendant's objection to Kaiden's testimony.

II. *Cross-examination of the complaining witness.* Wade Felton testified defendant gave him the check on which the charge is based in purchasing gasoline from him at his service station on July 5, 1974. He said he deposited the check and it was later returned marked "no account". He complained to the authorities, and the present charge was subsequently brought against defendant. Felton testified on direct examination that defendant's sister later made restitution on the check. On cross-examination, he testified the sister told him she wanted to pay the check to get the charge dropped. After accepting payment of the check, Felton said he called the county attorney who informed him the charge would not be dropped. Felton said he did not tell the county attorney he wanted the charge dropped.

The following then occurred:

Q. Mr. Felton, \* \* \* when you received the $20 didn't you intend to drop the charges?

County Attorney: This is objected to as being irrelevant and immaterial and having no probative value in this particular case, and being an improper question.

The Court: Sustained.

Defendant assigns this ruling as error.

■ Restitution is not a defense to a false check charge but is relevant on the issue of the defendant's intent to defraud. *State v. Johnson,* 196 N.W.2d 563, 570 (Iowa 1972); see *State v. Mathias,* 216 N.W.2d 319, 322 (Iowa 1974). Evidence of restitution was received in the present case. Defendant testified his sister made the payment to Felton for him at his request. Nevertheless, defendant asserts Felton's purported intention to seek dismissal of the charge was also admissible evidence bearing on restitution and consequently on defendant's intent to defraud.

■ This argument has a grave flaw. The victim's intention after he receives restitution on a bad check sheds no light on the accused's earlier intention in uttering the check. Restitution is relevant only insofar as it reflects on the accused's intent to defraud when he uttered the check, not insofar as it affects the victim's subsequent frame of mind. Evidence of Felton's intent after he received restitution was clearly inadmissible.

■ Moreover, we disapprove the implication that the complaining witness has a right to withdraw a prosecution. A crime is an offense against the public and a prosecution may be terminated only by public officers in accordance with established procedures.

The trial court did not err in excluding evidence of Felton's intention to seek dismissal of the charge.

III. *Alleged prosecutorial misconduct in final argument.* Defendant contends the county attorney made improper statements in his closing argument. The trial court overruled his motion for mistrial based on

such comments. He assigns this ruling as error.

Final arguments were not reported, and defendant did not preserve his record by bill of exceptions. Ordinarily we would have nothing to review. *State v. Guess,* 223 N.W.2d 214, 217 (Iowa 1974); *State v. McKee,* 223 N.W.2d 204, 206 (Iowa 1974); *State v. Limerick,* 169 N.W.2d 538, 540–541 (Iowa 1969). However, the colloquy between the court and counsel at the time of defendant's motion for mistrial after the argument shows the substance of the challenged remarks.

In moving for mistrial, defense counsel accused the county attorney during his rebuttal argument of speculating about other checks which may have been written by the defendant on the Walford bank and asking, "How many more checks has defendant written on this account?," or words to that effect. In resisting the motion, the county attorney acknowledged making the statement "as a hypothetical" that "there may have been other checks". In ruling on the motion, the trial court said, "As the court recalls the comment and question, \* \* \* reference was made to possible outstanding crimes or charges \* \* \* or any such possibilities that may arise." Therefore, even though final arguments were not reported and defendant did not prepare a bill of exceptions, the record shows the parties and court were in substantial agreement regarding the nature of the prosecutor's comments.

The purpose of a bill of exceptions is to make matters of record which would not otherwise so appear. § 786.1, The Code. The county attorney's acknowledgement and the trial court's finding regarding the substance of the county attorney's statements provide a record for review of the court's ruling here, despite the absence of a bill of exceptions.

The record shows defendant objected to the county attorney's statements at the time they were made, and the trial court sustained the objection. However, the court overruled defendant's motion for mistrial based on the incident. Defendant's

challenge to the court's ruling requires us to decide whether the trial court abused its discretion in holding the county attorney's remarks did not deny him a fair trial.

Prosecutor misconduct alone is not a sufficient basis for setting aside a conviction; it is not the misconduct which entitles the defendant to relief but resulting prejudice denying the defendant a fair trial. *State v. Hall,* 235 N.W.2d 702, 712 (Iowa 1975). The trial court is vested with broad discretion in determining whether prosecutorial misconduct was sufficient to deprive a defendant of a fair trial, and this court will interfere only when such discretion has been abused. *State v. Blyth,* 226 N.W.2d 250, 271 (Iowa 1975). We do not find an abuse of discretion here.

No reversible error appears.

AFFIRMED.