# IN THE COURT OF APPEALS OF IOWA

No. 12-1142
Filed March 26, 2014

**STATE OF IOWA,**
 Plaintiff-Appellee,

**vs.**

**STEPHANIE ELIZABETH SEXTON,**
 Defendant-Appellant.
_____

 Appeal from the Iowa District Court for Polk County, Carol L. Coppola (plea) and Cynthia M. Moisan (sentencing), District Associate Judges.

 A defendant appeals her sentence following her conviction for driving while barred. **AFFIRMED.**

 Nicholas Bailey of Bailey Law Firm, P.L.L.C., Altoona, for appellant.

 Thomas J. Miller, Attorney General, Kevin Cmelik, Assistant Attorney General, John P. Sarcone, County Attorney, and Shannon Archer, Assistant County Attorney, for appellee.

 Considered by Danilson, C.J., and Vaitheswaran and Mullins, JJ.

**MULLINS, J.**

Stephanie Sexton appeals her sentence following her conviction for driving while barred as a habitual offender, in violation of Iowa Code section 321.561 (2011). She contends the district court abused its discretion in sentencing her to sixty days in jail. She also asserts the court failed to give her the opportunity for allocution.

Sexton filed a written guilty plea to driving while barred admitting she operated a motor vehicle unlawfully and willfully while her license was barred. Her sentencing was to take place on May 2, 2012, and when she failed to appear, a warrant was issued for her arrest. She was eventually arrested, and her sentencing took place on June 13, 2012. No transcript was made of the sentencing hearing. The court sentenced Sexton to sixty days in jail. The sentencing order provided the boilerplate language that the court "has considered the nature of the offense, the attending circumstances, the age, character, and propensity of the offender for further criminal action and the chances of reform." In addition, the court wrote that it considered the fact that this was Sexton's second driving while barred charge and that she failed to appear for her previously set sentencing. Sexton filed an appeal.

Sexton asserts the facts of her case do not warrant a sixty-day sentence, and therefore, the court abused its discretion. A court's decision to impose a particular sentence that is within the statutory limits is "cloaked with a strong presumption in its favor, and will only be overturned for an abuse of discretion or the consideration of inappropriate matters." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). We will find an abuse of discretion only when the decision was

exercised on grounds or for reasons clearly untenable or unreasonable. *Id.* We find no such abuse of discretion here.

Next, Sexton asserts she was not given the right of allocution at her sentencing. There is no transcript of the sentencing, there is no indication in the sentencing order that the right of allocution was not given, and Sexton has not filed a bill of exceptions, under Iowa Rule of Criminal Procedure 2.25, or a statement of the proceedings, under Iowa Rule of Appellate Procedure 6.806, in order to create a record of the sentencing proceedings. It is the appellant's duty to provide us with a record disclosing the error alleged. *State v. Vanover*, 559 N.W.2d 618, 635 (Iowa 1997). Where we have no record of a sentencing proceeding to review, we will presume a defendant was given an opportunity for allocution. *See State v. McKee*, 223 N.W.2d 204, 206 (Iowa 1974). Where the record is silent, as it is here, we will presume the court followed the law in pronouncing the sentence. *State v. McCoy*, 92 N.W.2d 146, 146 (Iowa 1958). With Sexton's failure to provide us a record indicating the court failed to provide her the opportunity for allocution, we reject Sexton's contention.

We affirm Sexton's conviction and sentence.

**AFFIRMED.**