# IN THE COURT OF APPEALS OF IOWA

No. 16-1037
Filed July 19, 2017

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JIMMY D. ROBINSON,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Black Hawk County, George L. Stigler (second trial), Stephen C. Clarke (ex parte order), and Andrea J. Dryer (first trial), Judges.

        A defendant appeals his convictions for second-degree robbery. **AFFIRMED.**

        Webb L. Wassmer of Wassmer Law Office, P.L.C., Marion, for appellant.

        Thomas J. Miller, Attorney General, and Timothy M. Hau, Assistant Attorney General, for appellee.

        Considered by Danilson, C.J., and Potterfield and Bower, JJ.

**BOWER, Judge.**

Jimmy Robinson appeals his conviction for second-degree robbery, claiming his right to a speedy trial was violated. We find Robinson's right to a speedy trial was not violated. We affirm the decision of the district court.

## I. Background Facts and Proceedings

On October 16, 2014, Robinson, along with others, robbed the manager of a supermarket. Robinson was arrested the next day, the trial information was filed October 27, and Robinson was arraigned December 2. Robinson waived his right to a speedy trial at the arraignment.[1] Robinson requested and was appointed counsel. On April 24, 2015, Robinson filed a pro se demand for speedy trial. The district court set trial for May 26 and noted the ninety-day deadline for speedy trial would expire July 23. Trial was continued and ultimately held June 30. A mistrial was declared.[2]

Trial was reset for July 14 but was continued. On July 20, Robinson's trial counsel moved to cancel the jury trial and informed the district court a plea agreement had been reached. On August 3 Robinson filed a pro se motion to dismiss for violation of his speedy trial rights. The district court entered an order stating the motion was ex parte and took no action. Robinson renewed his motion on August 27, September 1, and September 8. The district court responded in the same way.

---

[1] A criminal defendant must be brought to trial within ninety days of indictment unless their speedy-trial rights are waived. Iowa Rule of Criminal Procedure 2.33(2)(b)(2014)

[2] A mistrial was granted after counsel for a co-defendant informed the court of a medical emergency in his family. Additionally, the victim of the robbery had returned to Pakistan and was not expected to return until mid-July. Robinson's counsel did not object to the mistrial but did express concerns regarding the speedy trial period. Robinson's counsel erroneously believed his speedy trial rights had been demanded in January.

The district court entered an order on September 18 stating Robinson had rejected the plea agreement and noting Robinson's right to a speedy trial was reinstated from September 15.[3]  Trial was reset for September 29.  Robinson waived his one-year speedy trial right September 25, but the waiver did not reference his ninety-day right.[4]  Robinson filed a pro se request to reinstate his ninety-day right to speedy trial on January 19, 2016.  The district court set trial for February 2, 2016.  Trial was eventually held April 5, and Robinson was found guilty April 13.  He now appeals.

## II.  Standard of Review

Motions to dismiss based on a claimed violation of speedy-trial rights are reviewed for an abuse of discretion.  *State v. Winters*, 690 N.W.2d 903, 907 (Iowa 2005).  When reviewing the grounds for a delay of speedy trial, the discretion the district court is allowed narrows to the determination of good cause under Iowa Rule of Criminal Procedure 2.33(2)(b).  *Id.*  However, regarding the procedural application of rules of speedy trial our review is for correction of errors at law.  *State v. Miller*, 637 N.W.2d 201, 204 (Iowa 2001).

## III.  Pro se Motions

Robinson claims the district court was required to rule on his pro se motions to dismiss.[5]  Our supreme court has held that without a request to proceed pro se the "defendant's right to so act in trial-related proceedings [is] waived."  *State v. McCray*, 231 N.W.2d 579, 580 (Iowa 1975); *see also State v.*

---

[3] The exact date plea negotiations broke down is unknown.
[4] Iowa Rule of Criminal Procedure 2.33(2)(c).
[5] The State claims error on this issue was not preserved.  We disagree and proceed to the merits.

*McKee*, 223 N.W.2d 204, 205 (Iowa 1974) (holding defendants have "no right to be heard both in person and by attorney.")  However, our supreme court has also noted when pro se motions are filed, even if the district court held the motions should be recast by counsel, "the court [is] required to consider them as any other motion" and "should not treat them differently than motions filed by counsel."  *Winters*, 690 N.W.2d at 909.

In *Winters*, pro se motions were offered by the State as good cause for the delay of trial beyond the speedy-trial period.  Our supreme court determined an analysis of good cause under the speedy-trial rules "rests on the strength of the underlying reasons for the delay in disposing of the motions or completing the discovery, not the mere existence of the motions or the request for discovery." *Id.*  The court must then examine whether "the pending [pro se] motions could not be heard before the expiration of the speedy-trial time period." *Id.*

Here, the State claims the language requiring the district court to treat pro se motions in the same manner as motions filed by counsel is dicta.  Robinson counters by claiming the State in *Winters* offered pro se motions as good cause for the delay, and if the district court had no obligation to rule on the pro se motions, the pro se motions could not have constituted good cause for analyzing a claim of speedy-trial rights being violated.  We agree with the State.  The language in *Winters* Robinson cites does not affect the disposition of the underlying issue, contains no citation to legal authority, and conflicts with the holdings of *McKee* and *McCray* without expressly addressing or overruling those cases.  We find the district court was not required to rule on the pro se motions to dismiss filed by Robinson.

**IV. Speedy Trial**

Robinson claims his right to a speedy trial was violated. If a defendant has not waived their right to a speedy trial, the defendant "must be brought to trial within 90 days after indictment is found or the court must order the indictment to be dismissed unless good cause to the contrary be shown." Iowa R. Crim. P. 2.33(2)(b). Robinson waived and re-demanded his right to a speedy trial multiple times during the pendency of the case. After an initial waiver at the time of arraignment, Robinson reasserted his right to a speedy trial on April 25, 2015. Robinson was brought to trial within the ninety-day period, but a mistrial was declared June 30.

Robinson claims the speedy-trial period is not mechanically reset by a mistrial. We have previously held the ninety-day period for speedy trial is reset after a mistrial. *See State v. Miller*, No. 09-1708, 2011 WL 3115490, at *10 (Iowa Ct. App. July 27, 2011) (citing *State v. Zaehringer*, 306 N.W.2d 792 (Iowa 1981)). Robinson claims we are precluded from applying this rule mechanically and must instead determine if there is good cause for the delay in speedy trial. *See State v. Campbell*, 714 N.W.2d 622, 628 (Iowa 2006). Robinson correctly notes the district court has discretion with respect to the time of retrial after a mistrial is declared. *State v. Wright*, 234 N.W.2d 99, 103-04 (Iowa 1975). The district court set the retrial within the original ninety-day window. Robinson claims this clearly shows the district court exercised its discretion to use the original speedy-trial timeframe. However, no specific evidence appears in the record showing the district court's intention. We find the ninety-day speedy trial period is reset

following a mistrial, though the district court has discretion to adjust the timeframe.

On July 20, Robinson's trial counsel requested the trial to be canceled as a resolution had been reached. Robinson concedes the plea negotiations serve as good cause to toll the speedy--trial clock. Only twenty days had passed in the new speedy-trial period. The time from removing the case from trial until the plea is accepted or rejected does not impact an individual's speedy-trial rights. *State v. Warmuth*, 532 N.W.2d 163, 165 (Iowa Ct. App. 1995). Trial counsel may waive speedy-trial rights without the consent of the defendant. *See State v. LeFlore*, 308 N.W.2d 39, 41 (Iowa 1981). We find Robinson's rights were waived by counsel on July 20.

The district court found Robinson's speedy-trial rights were reasserted September 15. Robinson claims the district court should have found his speedy-trial rights were reasserted August 3 at the time of his first pro se motion to dismiss.[6] Robinson concedes the pro se motion contained no specific assertion the plea negotiations had ended but claims the district court should have inferred negotiations had ended from the filing. Robinson claims no defendant would assert a violation of speedy-trial rights if he intended to plead guilty. We find the inference Robinson asks us to make inappropriate with no clear evidence in the record below. We agree with the district court's determination speedy-trial rights

---

[6]We do not perceive Robinson's filing on August 3 as a motion to dismiss. Robinson's filing was simply correspondence to the clerk to inquire if the ninety-day speedy-trial period had lapsed. The clerk provided the correspondence to the court and an order was properly entered to require a copy of the correspondence be sent to defense counsel without further action by the court.

were reasserted September 15. The ninety-day period to bring Robinson to trial was again restarted.

Robinson's claims also assume the ninety-day period for speedy trial is merely paused at the time of waiver, and when speedy trial is reasserted the countdown continues. However, "we adopted a rule that the ninety-day period began to run from the date a defendant withdraws his waiver of speedy trial." *State v. Fisher*, 351 N.W.2d 798, 802 (Iowa 1984).

Robinson waived his one-year speedy-trial right September 25. On September 29, Robinson waived his ninety-day speedy-trial right and reasserted his one-year speedy-trial right. Robinson reasserted his ninety-day speedy-trial right January 19, 2016, trial was held April 5, and Robinson was found guilty April 13. We find Robinson's speedy-trial rights were not violated.

**AFFIRMED.**